UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff-Appellee, | ) | No. 17-5 |
| | ) | Death Penalty Case |
| v. | ) | |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## MOTION TO SUSPEND THE BRIEFING ORDER
## AND TO HOLD THIS APPEAL IN ABEYANCE

David Runyon, a federal prisoner under sentence of death, hereby moves this Court to suspend its briefing order, ECF No. 4, and to hold his § 2255 appeal in abeyance until the United States Supreme Court releases its opinion in *Sessions v. Dimaya,* No. 15-1498.

On September 29, 2016, the Supreme Court granted certiorari in *Dimaya* to determine whether 18 U.S.C. § 16(b) is unconstitutionally vague (and thus void) under the reasoning in *Johnson v. United States,* 135 S. Ct. 2551 (2015). The Court heard argument in *Dimaya* on January 17, 2017, but it did not issue a decision. It subsequently scheduled re-argument for October 2, 2017, and an opinion is expected in the early part of the Term.

Resolution of *Dimaya* may determine whether Runyon's conviction under 18 U.S.C. § 924(c), (j) is unconstitutional in light of *Johnson.* Although the

question presented focuses on § 16(b), both parties' certiorari-stage briefs in *Dimaya*, both parties' merits-stage briefs, and the amicus brief of National Association of Federal Defenders also refer to § 924(c). *See* http://supremecourtreview.com/case/15-1498 (links to briefs). In addition, § 924(c) was discussed briefly at the oral argument on January 17, 2017. *Id.* (link to oral argument transcript). The language in § 16(b) is identical to the language in § 924(c). This Court often considers caselaw interpreting § 16(b) when construing § 924(c). Moreover, this Court is already holding other § 924(c) cases in abeyance pending the opinion in *Dimaya*. Suspending the briefing order and holding Runyon's appeal in abeyance is warranted so the parties and this Court may have the benefit of the Supreme Court's reasoning.

### 1. The Constitutionality of § 924(c), (j), is at Issue in Runyon's § 2255 Proceedings.

On July 17, 2009, a jury convicted Runyon of conspiracy to commit murder for hire, 18 U.S.C. § 1958(a); carjacking resulting in death, 18 U.S.C. §§ 2119 and 2; and murder with a firearm in relation to a crime of violence, 18 U.S.C. § 924(c), (j) and 2. *United States v. Runyon*, E.D. Va., No. 4:08-cr-0016, ECF No. 245. On August 27, 2009, the jury selected death as the sentence for conspiracy to commit murder for hire and murder with a firearm in relation to a crime of violence, and selected life without parole for carjacking resulting in death. *Id.,* ECF No. 291, p.5.

This Court affirmed the convictions and sentences, *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), and the Supreme Court denied a petition for certiorari. *Runyon v. United States*, 135 S. Ct. 46 (2014). Eight months later, the Supreme Court issued its opinion in *Johnson v. United States,* 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act was unconstitutional because its definition of a violent felony was impermissibly vague and did not provide adequate notice.

On October 5, 2015, Runyon filed an initial motion to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255. No. 4:08-cr-0016, ECF No. 478. He subsequently filed a timely amended § 2255 motion under Fed. R. Civ. P. 15(a)(1)(B). *Id.*, ECF No. 511.

Runyon alleged in both the initial and amended § 2255 motions that his conviction under § 924(c), (j), is unconstitutional because it was procured in violation of the Due Process Clause, Equal Protection Clause, and Fifth, Sixth, and Eighth Amendments to the Constitution, as set forth in *Johnson*. No. 4:08-cr-0016, ECF No. 478, p.80; *id.,* ECF No. 511, p.88. Runyon noted that while *Johnson* focused on the definition of a violent felony in the ACCA, 18 U.S.C. § 924(e), its reasoning applied with equal force to the definition of a crime of violence found in both § 16(b) and § 924(c). Runyon ask the court to set aside his conviction and

3

sentence for the § 924(c) offense. He further argued that his case must be remanded for a new sentencing hearing on his two other convictions because the evidence and arguments presented at trial with respect to the § 924(c) offense painted an inappropriate picture and thus contributed to the jury's selection of death as the appropriate sentence for the other charges. *Id.,* ECF No. 478, p.81; *id.*, ECF No. 511, p.89.

On April 18, 2016, the Supreme Court held that *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (2016). Thus, there is no retroactivity bar to Runyon obtaining relief on this claim.

On January 19, 2017, the district court denied Runyon's § 2255 motion. It acknowledged that Runyon's claim based on *Johnson* was timely under *Welch*. On the merits, it noted that there is a split in the circuits, and it observed that the Fourth Circuit has not yet decided whether the language in the § 924(c)(3) residual clause is void for vagueness after *Johnson. Runyon v. United States*, 228 F. Supp. 3d 569, 631 (E.D. Va. 2017). But citing several district court decisions within this Circuit that declined to extend *Johnson* to the § 924(c) residual clause, the district court denied Runyon's claim on the merits. It summarily declined to issue any certificate of appealability. *Id.* at 670.

Runyon moved the district court to alter or amend its judgment under Fed. R. Civ. P. 59(e), and to grant a certificate of appealability on multiple grounds. He explicitly called to that court's attention the Supreme Court's intervening grant of certiorari in *Dimaya*. No. 4:08-cr-0016, ECF No. 567, pp.13-14. Because *Dimaya* had just been argued, Runyon separately moved the district court to hold his Rule 59(e) motion in abeyance pending a decision in *Dimaya*. *Id.*, ECF No. 569. The district court denied both motions.[1] *Id.*, ECF No. 587, pp.2-3.

### 2. Suspending the Briefing Order and Holding Runyon's Appeal in Abeyance Makes Sense for Runyon and for the Court.

The current briefing order, issued on August 21, 2017, directs Runyon to file his opening brief by October 2, 2017. In that brief, Runyon must identify all the claims on which he seeks a certificate of appealability, and present both legal and factual arguments on the merits of those claims.

Suspending the briefing order makes sense for both the parties and the Court. Under the present schedule, Runyon must file his opening brief on the same day as the re-argument in *Dimaya*. That re-argument might differ materially from the prior argument, both because of the addition of a new justice and because the

---

[1] The district court's order denying abeyance and denying the Rule 59(e) motion was signed April 27, 2017, but it was not properly entered until June 21, 2017, as explained in No. 4:08-cr-0016, ECF No. 586.

other justices' concerns will have been focused and possibly redirected by their private discussions subsequent to the argument last Term. Some justices might suggest, for example, that a new standard should apply in determining whether *Johnson* applies to particular cases under § 16(b) and/or § 924(c). Both Runyon and this Court would benefit from a suspension of the briefing order, so that appellant's opening brief does not risk having to speculate about uncertain remedies in uncertain circumstances.

Suspending the briefing order and holding the appeal in abeyance pending the decision in *Dimaya*, taken together, have the further benefit of enabling Runyon's opening brief to be most helpful to the Court. After the decision in *Dimaya*, Runyon's brief can intelligently address the most recent (and potentially controlling) legal decision on this issue. Although Runyon considers it very unlikely, the decision in *Dimaya* alternatively could show that his § 924(c) claim is no longer a good candidate for a certificate of appealability, and thereby change the selection and lineup of issues Runyon presents in his opening brief in the first instance. In either event, the Supreme Court's schedule suggests that the span during which Runyon's appeal would be in abeyance is unlikely to be protracted.

Judicial economy is best served by permitting the Supreme Court to clarify *Johnson*'s impact on other portions of the federal code that contain language

identical or nearly identical to that struck in *Johnson.* This Court has already

acknowledged as much and has held in abeyance other appellate cases presenting a

*Johnson* claim like the one Runyon advanced below.

In *United States v. Ali,* No. 15-4433 (4th Cir.), the appellant Ali was

convicted of carrying or using a firearm in furtherance of a crime of violence, in

violation of 18 U.S.C. § 924(c), among other crimes, and he received a sentence of

nearly 100 years in prison. Relying in part on *Dimaya,* he asserted that his § 924(c)

convictions were unconstitutional under *Johnson*. Ali argued that "Because the

residual clause in § 16(b) is identical to the residual clause in § 924(c)(3)(B) and

precedent for § 16(b) is controlling over § 924(c)(3)(B), the outcome in … *Dimaya*

should also decide whether the residual clause in § 924(c)(3)(B) is

unconstitutionally vague." *Ali*, Unopposed Motion to Hold Case in Abeyance and

Suspend Oral Argument, filed September 30, 2016, ECF No. 81, p.3. This Court

agreed. *Ali*, Order filed October 4, 2016, ECF No. 82, p.1.

This Court is also holding *United States v. Simms,* No. 15-4640, in abeyance.

Simms was convicted of crimes based upon § 924(c) and received a substantial

sentence of 115 months followed by 84 months. *Simms*, Brief of Appellant, filed

February 23, 2016, ECF No. 17, p.4. Simms argued that his § 924(c) convictions

were unconstitutional, initially relying in part on the Ninth Circuit's decision in

7

*Dimaya*. *Id.*, ECF No. 17, pp.11-12. After the Supreme Court granted certiorari in *Dimaya*, Simms moved this Court to hold his appeal in abeyance. *Id.*, Motion, filed October 5, 2016, ECF No. 39. This Court initially denied the motion, but then reversed its position, apparently *sua sponte*, and placed Simms' appeal in abeyance. *Id.*, Order, filed January 12, 2017, ECF No. 48, p.1. When the 2016 Term ended with no decision in *Dimaya*, the United States moved this Court to take the *Simms* case out of abeyance. *Id.*, Motion, filed June 27, 2017, ECF No. 49. This Court declined to do so. *Id.*, Order, filed July 7, 2017, ECF No. 50.

The Court is further holding in abeyance *United States v. Walker*, No. 15-4301 (4th Cir.). An issue on appeal in that case is whether Walker's § 924(c) conviction for federal kidnapping was a crime of violence under the Supreme Court's decision in *Johnson*. By order filed October 7, 2016, this Court granted Walker's unopposed motion to hold his appeal in abeyance pending the decision in *Dimaya*. *Id.*, ECF No. 46.

At least one district court within this Circuit also is holding a capital § 2255 motion in abeyance pending resolution of *Dimaya. See Barnette v. United States,* No. 3:12-cv-327-V, 2016 WL 7175637, at *3 (W.D.N.C. Dec. 12, 2016). The district court held there that a stay was appropriate in the interest of judicial economy. *Id.*

The language in § 16(b) and § 924(c)(3)(B) is identical. This Court recognizes that caselaw interpreting 18 U.S.C. § 16 is relevant to interpreting § 924(c)(3)(B). *See United States v. Fuertes,* 805 F.3d 485, 500 (4th Cir. 2015); *In re Hubbard,* 825 F.3d 225, 230 n.3 (4th Cir. 2016) (same). When consulted about the instant motion, however, the Government stated its position in opposition.

In the current posture, there is sufficient reason to think that Runyon's *Johnson* claim will ultimately meet the standard for a certificate of appealability under 28 U.S.C. § 2253(c), to justify the Court in suspending the briefing order and holding the appeal in abeyance. When a district court denies a habeas claim on the merits, as it did in Runyon's case, "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The circuit split on this issue, the grant of certiorari in *Dimaya,* and this Court's decisions to hold other cases in abeyance pending *Dimaya*, suggest that resolution of Runyon's constitutional claim is debatable amongst jurists of reason. Given the expectation that *Dimaya* will provide guidance to the parties and to the Court on an important issue, Runyon

respectfully moves this Court to suspend its briefing order and to hold his appeal in abeyance pending issuance of the *Dimaya* opinion.

Wherefore, Runyon moves the Court to suspend its briefing order and to hold his appeal in abeyance pending resolution of *Dimaya*.

Respectfully Submitted this the 23rd day of August, 2017.

s/Michele J. Brace
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

*Counsel for Appellant Runyon*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 23, 2017, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

| | |
|---|---|
| Brian J. Samuels<br>Asst. United States Attorney<br>United States Attorney's Office<br>Fountain Plaza Three, Suite 300<br>721 Lakefront Commons<br>Newport News, VA 23606<br>Telephone (757) 591-4032<br>Fax (757) 591-0866<br>Brian.Samuels@usdoj.gov | Lisa R. McKeel<br>Asst. United States Attorney<br>United States Attorney's Office<br>Fountain Plaza Three, Suite 300<br>721 Lakefront Commons<br>Newport News, VA 23606<br>Telephone (757) 591-4040<br>Fax (757) 591-0866<br>Lisa.McKeel@usdoj.gov |

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

             s/Michele J. Brace
             Michele J. Brace, VSB No. 36748
             Virginia Capital Representation
              Resource Center
             2421 Ivy Road, Suite 301
             Charlottesville, VA 22903
             Telephone (434) 817-2970
             Fax (434) 817-2972
             mbrace@mindsort.com