# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **Originating Court/Agency** | |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | | |
| Date notice of appeal or petition for review filed | | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ○ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
|  |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Adverse Party: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Adverse Party: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** _____  **Date:** _____

**Counsel for:** _____

| **Certificate of Service**: I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary): ||
|---|---|
|  |  |
| Signature: | Date: |

*United States of America v. David Anthony Runyon*
Fourth Circuit Court of Appeals No. 17-5

## List of Non-Binding Issues

Claim 1: The participation of two dishonest law enforcement officers tainted Runyon's trial.

Claim 2: The prosecution failed to disclose impeaching and exculpatory evidence in violation of the Fifth, Sixth, and Eighth Amendments, United States Constitution.

Claim 3: Counsel rendered ineffective assistance at the guilt phase of trial by failing to investigate, present, highlight, and/or argue evidence of innocence.

Claim 4: Counsel abdicated the responsibility to advocate for Runyon at the eligibility phase when he failed to address the relevant issue and did not discuss established facts that weighed against the statutory aggravating circumstance of substantial planning.

Claim 5: Trial counsel was ineffective for failing to investigate, discover, and present evidence that David Runyon was incompetent to stand trial.

Claim 6: Counsel rendered ineffective assistance by failing to investigate and present mitigating evidence regarding Runyon's psycho-social history, brain damage and mental health.

Claim 7: Runyon's Sixth Amendment right to confront the witnesses against him was violated when the prosecution presented police and informant testimony of statements from his co-defendant, Michael Draven. furthermore, his trial counsel were ineffective when they failed to object to the admission of this testimony and failed to ask the court for a limiting instruction that they could not be considered as evidence of Runyon's guilt.

Claim 8: Ineffective assistance of counsel on direct appeal.

Claim 9: Runyon's conviction under 18 U.S.C. § 924(c) is unconstitutional because it was procured in violation of the Due Process Clause, the Equal Protection Clause, and the Fifth, Sixth, and Eighth Amendments of the Constitution. *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Claim 10: The jury instructions at the sentencing phase unconstitutionally lowered the Government's burden of proof in violation of the Fifth, Sixth, and Eighth Amendments. *Ring v. Arizona*, 536 U.S. 584 (2003).

Claim 11: The death sentences are unconstitutional because they are based on aggravating circumstances that fail to narrow and/or that are arbitrary and overbroad.

Claim 12: Runyon was denied due process of law, equal protection of the law, the right to be free of cruel and unusual punishment, and effective assistance of counsel because the death penalty was disproportionately and unconstitutionally applied according to race, and trial and appellate counsel made no objection based on this fact.

Claim 13: Runyon's death sentence is disproportionate and arbitrary in violation of the Fifth and Eighth Amendment and trial and appellate counsel were ineffective for failing to raise this issue.

Claim 14: Runyon's death sentence violates the Eighth Amendment because he is severely mentally ill.

Claim 15: Selection of the grand jury and/or the petit jury venire for Runyon's case was tainted, and trial counsel unreasonably failed to request and examine the jury selection records.

Claim 16: The Prosecution engaged in racial and gender discrimination in its exercise of peremptory strikes, and trial counsel unreasonably failed to object to these unconstitutional strikes.

Claim 17: The voir dire conducted in this case violated Runyon's Fifth and Sixth Amendment rights to a fair trial and impartial jury, and trial counsel unreasonably failed to object.

Claim S2: The trial court unlawfully excluded the potential jurors based solely on their juror questionnaire responses without voir dire, and trial counsel unreasonably failed to object and unreasonably participated.