IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-5 |
| | ) | |
| DAVID ANTHONY RUNYON | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## United States' Response to Motion to Hold in Abeyance

The United States of America, by and through its attorneys of record, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel and Brian J. Samuels, Assistant United States Attorneys, and Jeffrey A. Zick, Special Assistant United States Attorney, respectfully opposes Defendant's request to suspend the briefing order and hold this appeal in abeyance pending a decision by the Supreme Court in *Sessions v. Dimaya*, No. 15–1498. The decision in *Dimaya* will not affect Defendant's conviction and sentence because one valid predicate for his conviction under 18 U.S.C. § 924(c), (j)—his conviction for carjacking—meets the requirements of the force clause under § 924(c)(3)(A). Thus, Defendant's § 924(c) conviction need not rely on the residual clause of § 924(c)(3)(B) and there is no compelling reason to stay this appeal.

Defendant was convicted of conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958(a) (Count One); carjacking resulting in death, in violation of 18 U.S.C. §§ 2119 and 2 (Count Two); and murder with a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), (j) and 2 (Count Five). *United States v. Runyon*, No. 4:08-cr-0016, ECF No. 245 (E.D. Va.). These convictions arose from Defendant's participation in the planning and subsequent murder of Corey Voss, an Officer in the United States Navy. The § 924(c) count relied on the predicate offenses of conspiracy to commit murder for hire and carjacking. *Runyon v. United States*, 228 F. Supp. 3d 569, 631 (E.D. Va. 2017). On December 4, 2009, pursuant to the jury's recommendation, Defendant was sentenced to death for Counts One and Five and to life imprisonment without the possibility of release for Count Two. *Runyon*, No. 4:08-cr-0016, ECF No. 313. This Court upheld Defendant's convictions and death sentences on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).

In his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, Defendant argued that the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), unconstitutionally vague, invalidated his conviction under § 924(c), (j). Although the language in § 924(c)(3)(B), the residual clause, is similar

2

to the ACCA residual clause, it is not identical. The district court, following other district court decisions in this Circuit, declined to extend *Johnson* to § 924(c)(3)(B), and denied Defendant's claim. *Runyon*, 228 F. Supp. 3d at 631–32.

Defendant then filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *Runyon*, No. 4:08-cr-0016, ECF No. 567. Relevant to his *Johnson* claim, Defendant argued that the grant of certiorari review in *Dimaya* merited an abeyance of his Rule 59(e) motion. *Id*., ECF No. 569. In *Dimaya*, the Supreme Court will address whether *Johnson* extends to invalidate 18 U.S.C. § 16(b) when applied in a civil immigration proceeding. The district court denied Defendant's Rule 59(e) motion and his request for an abeyance based on *Dimaya*. *Id*., ECF 587 at 2–3.

The pending Supreme Court decision in *Dimaya* provides no compelling reason to stay this appeal. Even assuming the Supreme Court determines that *Johnson* is extended to § 924(c)(3)(B), it will have no consequence to Defendant's conviction. The jury was instructed on the § 924(c) charge that the possible predicate crimes of violence were conspiracy to commit murder for hire and carjacking. The carjacking statute, 18 U.S.C. § 2119, provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and

violence or by intimidation, or attempts to do so . . . .

Carjacking necessarily involves a taking "by force and violence or by intimidation," and includes as an element the use, attempted use, or threatened use of physical force—thus meeting the definition of § 924(c)(3)(A) (the force clause).

This Court's recent opinion in *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017), makes clear that federal carjacking is categorically a crime of violence under the force clause of § 924(c)(3)(A). Given that the federal carjacking statute satisfies § 924(c)(3)(A), whether *Johnson* should be extended to invalidate § 924(c)(3)(B) is of no consequence to Defendant's case. Defendant's conviction, regardless of whether *Johnson* is applicable to § 924(c)(3)(B), is valid because it need not depend on the residual clause of § 924(c). There is no need to stay the appeal in this case.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:        /s/
Jeffrey A. Zick
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606

Phone: 757-591-4000
Fax: 757/591-0866
Email: Jeffrey.zick@usdoj.gov

By: _____/s/_____
Lisa R. McKeel
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757/591-0866
Email: Lisa.McKeel@usdoj.gov

By: _____/s/_____
Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757/591-0866
Email: Brian.Samuels@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2017, I electronically filed the foregoing document for which conventional service is required with the Clerk of Court using the CM/ECF System, which will send notice of the filing to all counsel of record.

/s/
Jeffrey A. Zick
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757/591-0866
Email: Jeffrey.Zick@usdoj.gov
