| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | No. 17-5 |
| | ) | Death Penalty Case |
| v. | ) | |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**REPLY TO RESPONSE TO
MOTION TO SUSPEND THE BRIEFING ORDER
AND TO HOLD THIS APPEAL IN ABEYANCE**

The question before this Court is whether to suspend the briefing schedule until the Supreme Court releases its opinion in *Sessions v. Dimaya,* No. 15-1498. ECF No. 6, Pet.Mot.1-10. In *Dimaya*, the Supreme Court will address the scope of its holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act is unconstitutional because its definition of a violent felony is impermissibly vague and fails to provide adequate notice. An important issue in Runyon's case is whether certain of his convictions are unconstitutional under *Johnson*, *supra*. The Government does not argue it will be prejudiced if the briefing schedule is suspended but responds that *Dimaya* will not affect Runyon's case and argues against the merit of Runyon's *Johnson* claim. The merit of the claim, however, is not currently at issue.

Runyon's motion is about the timing of the briefing schedule. Runyon urges that this Court should have the benefit of relevant, forthcoming Supreme Court case law. Runyon has a single opportunity to appeal the denial of his capital § 2255 motion and it should be governed by relevant case law, especially given that *Johnson*, *supra*, applies to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* is retroactive). In light of the complexity of the legal and factual issues, as well as the gravity of Runyon's death sentence, this Court should suspend briefing for the short period of time it will take for the Supreme Court to issue its opinion in *Dimaya*.

The Government claims Runyon's conviction is not affected by *Johnson*, and therefore the Supreme Court's upcoming opinion on the scope of *Johnson* is of no consequence to the briefing schedule. Arguing the merit of Runyon's complex legal claim without affording the parties the opportunity for (or the Court the benefit of) full briefing, the Government asserts that this Court's opinion in *United States v. Evans,* 848 F.3d 242 (4th Cir. 2017), obviates the need for a proper opportunity to brief the issue under relevant law. Gov.Resp.4. In *Evans,* this Court held carjacking is categorically a crime of violence. *Id.* The Government contends that, because carjacking is an underlying offense of the § 924(c) conviction, *Johnson*'s new constitutional rule is not implicated in Runyon's case.

But as the Government acknowledges, the jury in Runyon's case "was instructed on the § 924(c) charge that the *possible* predicate crimes of violence were conspiracy to commit murder for hire and carjacking." Gov.Resp.3 (emphasis added). The eligibility phase verdict form gave the jury no ability to identify the predicate crime on which it relied. Thus, while it is *possible* the jury relied upon carjacking, it is *also possible* the jury relied only upon the conspiracy conviction. There is no way to determine whether the § 924 conviction rests upon a valid or invalid predicate offense. Notwithstanding the Government's argument that carjacking is categorically a crime of violence, the due process infirmities of Runyon's § 924(c) conviction remain.

The Eleventh Circuit has addressed this very issue and found the *Johnson* infirmity persists. In *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016), the indictment alleged multiple predicate offenses in a single § 924(c) count. Specifically, the indictment alleged that the defendant possessed a firearm in connection with drug trafficking offenses, attempted robbery and conspiracy to commit robbery. The court of appeals explained that it could not determine "what, if anything, the jury found with regard to Gomez's connection to a gun and these crimes." *Id.* at 1227. This was because the jury had multiple crimes to consider in the single count. *Id.* The Court found there was no way to determine whether the jury reached

3

unanimous agreement or which underlying predicate supported the conviction. *Id.* ("[A] general verdict of guilty does not reveal any unanimous finding by the jury[.]").

Likewise, the Supreme Court has held that when a trial judge instructs the jury on alternative grounds for conviction, and the jury returns a general verdict of guilty, the verdict must be set aside if one of the grounds for conviction is legally invalid and it is impossible to tell whether the conviction rested on the invalid ground. *Stromberg v. California*, 283 U.S. 359, 368 (1931) ("We are thus brought to the question whether any one of the three clauses … is upon its face repugnant to the Federal Constitution so that it could not constitute a lawful foundation for a criminal prosecution."); *United States v. Head*, 641 F.2d 174, 179 (4th Cir. 1981) (holding that under *Stromberg,* the appellate court must reverse where the jury renders a general verdict and it is impossible to tell whether the verdict rests on a permissible view of the law). *See also Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (any fact which enhances punishment must be found by the jury beyond a reasonable doubt). Because Runyon's § 924(c) conviction could rest on the conspiracy charge, the *Johnson* issue remains.

Runyon's *Johnson* claim is not as simple as the Government asserts. The Supreme Court's decision in *Dimaya* will be relevant to the claim and the parties should be afforded the benefit of controlling relevant Supreme Court law.

Wherefore, Runyon moves the Court to suspend its briefing order and to hold his appeal in abeyance pending resolution of *Dimaya*.

Respectfully submitted this the 7th day of September, 2017.

s/Michele J. Brace
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

s/Dana C. Hansen Chavis
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of
 Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

*Counsel for Appellant Runyon*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2017, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

s/Michele J. Brace
Michele J. Brace, VSB No. 36748
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com