# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Appellee, | ) | No. 17-5 |
| | ) | Death Penalty Case |
| v. | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| Defendant-Appellant. | ) | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S OPENING BRIEF AND THE APPENDIX

Appellant David Anthony Runyon, by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 31(c) for a 120-day extension of time in which to file the Appendix and Runyon's opening brief in the above-captioned matter. Counsel have communicated with Jeffrey Zick, counsel for the government, and the government does not object to the requested extension.

In support thereof, counsel for Appellant further states as follows:

1. This is a postconviction appeal from a judgment of the United States District Court for the Eastern District of Virginia, Newport News Division, denying—without discovery or an evidentiary hearing—Runyon's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence.

2. Runyon was convicted of conspiracy to commit murder-for-hire and associated crimes, for which he received two death sentences and one sentence of life imprisonment. This Court affirmed Runyon's convictions and sentences on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).

3. The district court appointed Michele Brace, an attorney with the Virginia Capital Representation Resource Center (VCRRC), to represent Runyon in collateral proceedings. The court subsequently appointed Dana Hansen Chavis of Federal Defender Services of Eastern Tennessee, Inc. (FDSET) as co-counsel. Runyon timely filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Without granting discovery or conducting an evidentiary hearing, the district court issued a 241-page opinion denying Runyon's § 2255 motion. It also denied a certificate of appealability. Runyon unsuccessfully moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the district court denied. Runyon timely noticed an appeal.

4. This Court issued a briefing order, DE 18, directing Runyon to file the Appendix and his opening brief by November 27, 2017. Runyon hereby asks for a 120-day extension, to and including March 27, 2018, for several reasons.

5. First, even if Runyon's counsel did not have other previously scheduled obligations, they would need an extension because the district court's opinion is so lengthy, and the case presents several issues that are novel and complex. Runyon

recognizes the importance of being selective. But the claims he raises on appeal will need a complex multi-layered analysis. At the threshold, Runyon must address both the procedural and substantive requirements for a certificate of appealability on a claim-by-claim basis. For most claims, he will have to discuss whether he was entitled to an evidentiary hearing, where the district court denied a hearing without employing (or even citing) the standard for a hearing in § 2255(b). For several claims, he will have to address the district court's alternative determination of procedural default, where the district court applied a novel standard for default that conflicts with Supreme Court precedent as applied to the facts of Runyon's case. For several claims, Runyon additionally will have to address the district court's decision to conduct its own factual investigation and to cite that investigation (but not the specific facts resulting from that investigation) as a basis for denying the claims.

6. After addressing the procedural issues, Runyon will discuss the merits of each claim on which he seeks a certificate of appealability. After rejecting Runyon's claims on the merits, the district court disposed of the certificate of appealability inquiry in its penultimate sentence: "The court declines to issue a certificate of appealability for the reasons stated in this Opinion." ECF No. 560, PageID# 5810. It did not cite or apply the correct standard: whether reasonable jurists could debate whether the claim should have been resolved in different manner or that the issue presented was adequate to deserve encouragement to proceed further. And after

3

establishing his entitlement to a certificate of appealability with respect to both procedural and substantive issues, Runyon must make his case on the merits and show why the Court should reverse the denial of collateral relief or remand for further proceedings. Further, Runyon is responsible for compiling the Appendix. This is a laborious task that, without an extension of time, will significantly impinge on counsels' time to analyze and to write the opening brief.

7. Second, within the constraints noted herein, Runyon's counsel have acted diligently to research and analyze the likely issues for appeal. One constraint was that certain court documents that were necessary for issues Runyon wanted to appeal were not—without fault of any party—entered in the trial or habeas record of Runyon's case. Moreover, when the district court made those documents available to counsel, it prohibited them from making any copies—paper, electronic, or otherwise—and this circumstance would bar their inclusion in any Appendix. After researching the legal ramifications and potential remedies, Runyon's counsel moved the district court to expand the record by entering the documents on the docket. He also moved the court to allow him to copy the documents as needed for subsequent legal proceedings. The court directed the government to respond to the motions or for the parties to submit agreed orders. The government did not support Runyon's motions, but over the course of several weeks the two sides were able to negotiate agreed orders on how to include the documents in the postconviction record and the

scope of Runyon's right to copy those documents for the appeal. The district court signed both orders. ECF Nos. 597, 597.

8. Third, counsel have been unable to devote the time required to prepare Runyon's opening brief due to previously scheduled deadlines in other cases. The briefing schedule in DE 18 provides counsel 28 working days, excluding weekends and federal holidays, to prepare and file Runyon's opening brief and the Appendix.

9. Counsel Chavis's time has been primarily consumed with the investigation and preparation of an amended § 2255 motion in a federal capital case that is due to be filed in the Southern District of Florida on December 19, 2017. She is newly-appointed to that case since a conflict-of-interest required the recent withdrawal of prior postconviction counsel. The case involves five codefendants, a trial spanning two months, over 9,800 pages of trial transcript and over 1,000 docket entries. For reasons peculiar to the case, preparation of the amended § 2255 has been challenging and unusually time-intensive. For example, it was necessary to reschedule counsel's final investigatory trip to Southern Florida when Hurricane Irma made landfall in that area. That travel will now take place this month, thus reducing the number of days from the short time-frame within which counsel has to work on Runyon's case. Although counsel Chavis has begun drafting those portions of Runyon's appellate brief for which she is responsible, she is unable to competently complete those parts of the brief by the current deadline of November

27th. This month counsel Chavis will be out-of-state for four days and out of the office for a mandatory two-day office training event. These obligations reduce the total number of 28 working days provided by the current deadline to 23 days (shared with the Florida case). This requested extension, to and including March 27, 2018, is not excessive; in fact it may be naively optimistic.[1]

10. Counsel Brace also has been researching and drafting portions of Runyon's brief, but she has a substantial workload at this time and she is unable to prepare Runyon's appeal singlehandedly, especially within the current timeframe. Counsel Brace is currently involved in the certiorari proceedings in *United States v. Torrez*, 869 F.3d 291 (4th Cir. 2017), a capital case on direct appeal in which this Court issued a fractured opinion on two important issues of federal law. This Court denied Torrez's petition for rehearing on September 25, 2017, and his certiorari petition is due on December 26, 2017. Counsel Brace also is involved in certiorari proceedings on behalf of a Virginia juvenile who was convicted of first degree murder, for which he was sentenced to life imprisonment without parole. After the juvenile's certiorari petition was filed, the Supreme Court took the uncommon step of calling for a response from the Commonwealth. That response is due by November 21, 2017—six days before the due date in Runyon's case. The juvenile's

---

[1] The requested 120-day extension takes into consideration the upcoming holiday season as well as counsel Chavis's previously scheduled, out-of-country, eight-day vacation.

reply in support of certiorari will be due by December 5, 2017, and that is a filing for which no extension of time is available. Counsel Brace also has a specialized continuing legal education obligation the week before the Thanksgiving holiday, which is necessary to maintain her state certification as qualified capital habeas counsel.

11. Counsel Brace's ability to draw on her colleagues at the VCRRC for assistance in Runyon's case is limited because they are unfamiliar with Runyon's case. During the entirety of Runyon's §2255 proceedings in district court, the workloads of the other VCRRC attorneys made them unavailable to assist with—or even to become familiar with the record of—Runyon's case.

12. Every case is different, but Runyon notes that federal courts of appeals, including this Court, have provided similar (or even longer) amounts of time to death-sentenced federal prisoners who are appealing the denial of postconviction relief in a §2255 case.[2] The time requested in this case is not excessive, and it is very much needed.

Wherefore, Runyon moves the Court to extend the deadline for filing by 120 days, to and including March 27, 2018.

---

[2] The most recent such cases are *Caro v. United States*, No.16-1, where the opening brief was filed eleven months after the notice of appeal; *Basham v. United States*, No. 13-9 (ten months); and *Fulks v. United States*, No. 11-3 (six months).

Respectfully submitted this the 3rd day of November, 2017.

                s/Michele J. Brace
                Michele J. Brace
                Virginia Capital Representation
                 Resource Center
                2421 Ivy Road, Suite 301
                Charlottesville, VA 22903
                Telephone (434) 817-2970
                Fax (434) 817-2972
                mbrace@mindsort.net

                s/Dana C. Hansen Chavis
                Dana C. Hansen Chavis
                Asst. Federal Community Defender
                Federal Defender Services of
                 Eastern Tennessee, Inc.
                800 S. Gay Street, Suite 2400
                Knoxville, TN 37929
                Telephone (865) 637-7979
                Fax (865) 637-7999
                Dana_Hansen@fd.org

                *Counsel for Appellant Runyon*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2017, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Jeffrey A. Zick
Special Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4000
Fax (757) 591-0866
Jeffrey.Zick@usdoj.gov

s/Michele J. Brace
Michele J. Brace
Virginia Capital Representation
 Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.net