# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Appellee, ) | No. 17-5 |
| ) | Death Penalty Case |
| v. ) | |
| ) | |
| DAVID ANTHONY RUNYON ) | |
| ) | |
| Petitioner-Appellant, ) | |

## UNOPPOSED SECOND MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S OPENING BRIEF AND THE APPENDIX

Appellant David Anthony Runyon, by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 31(c) for a 120-day extension of time in which to file the Appendix, Runyon's opening brief, and Runyon's application for a certificate of appealability in the above-captioned matter.

This is Runyon's second request for an extension. Runyon previously asked for a 120-day extension, which the Court granted. At the time, Runyon described the first requested extension as "not excessive; in fact it may be naively optimistic" in light of counsel's other obligations. DE 19, p.5. Counsel's concerns have proved to be true, and this necessitates their request for a second extension.

Counsel have communicated with Lisa R. McKeel, counsel for the government, and the government does not object to the requested extension.

In support thereof, counsel for Appellant further states as follows:

1. This is a postconviction appeal from a judgment of the United States District Court for the Eastern District of Virginia, Newport News Division, denying Runyon's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence.

2. Runyon was convicted of conspiracy to commit murder-for-hire and associated crimes, for which he received two death sentences and one sentence of life imprisonment. This Court affirmed Runyon's convictions and sentences on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).

3. The district court appointed Michele Brace, an attorney with the Virginia Capital Representation Resource Center (VCRRC), to represent Runyon in collateral proceedings. The court subsequently appointed Dana Hansen Chavis of Federal Defender Services of Eastern Tennessee, Inc. (FDSET) as co-counsel. Runyon timely filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court issued a 241-page opinion denying Runyon's § 2255 motion. It also denied discovery, an evidentiary hearing, and a certificate of appealability. Runyon unsuccessfully moved to alter or amend the

judgment under Federal Rule of Civil Procedure 59(e), which the district court denied. Runyon timely noticed an appeal.

4. This Court previously granted Runyon a 120-day extension, directing his counsel to file the Appendix and his opening brief by March 28, 2017. Runyon hereby asks for a second 120-day extension, to and including July 25, 2018, for several reasons.

5. First, since noting his appeal, Runyon has substantially winnowed the claims to those that both of his attorneys believe are both legally significant and meritorious. These claims require complex multi-layered analyses. Runyon also must address both the procedural and substantive requirements for a certificate of appealability on a claim-by-claim basis. For most claims, he will have to discuss whether he was entitled to an evidentiary hearing, where the district court denied a hearing without employing (or even citing) the standard for a hearing in § 2255(b). For several claims, he will have to address the district court's alternative determination of procedural default, where the district court applied a novel standard for default that conflicts with Supreme Court precedent as applied to the facts of Runyon's case. For several claims, Runyon additionally will have to address the district court's decision to conduct its own factual investigation and to cite that investigation (but not the specific facts resulting from that investigation) as a basis for denying the claims.

6. After addressing the procedural issues, Runyon will discuss the merits of each claim on which he seeks a certificate of appealability. After rejecting Runyon's claims on the merits, the district court disposed of the certificate of appealability inquiry in its single penultimate sentence: "The court declines to issue a certificate of appealability for the reasons stated in this Opinion." ECF No. 560, Page 241. It did not cite or apply the correct standard: whether reasonable jurists could debate whether the claim should have been resolved in different manner or that the issue presented was adequate to deserve encouragement to proceed further. And after establishing his entitlement to a certificate of appealability with respect to both procedural and substantive issues, Runyon must make his case on the merits and show why the Court should reverse the denial of collateral relief or remand for further proceedings. Further, Runyon is responsible for compiling the Appendix. This is a laborious task that necessarily must proceed in tandem with each claim, to ensure the Appendix contains all necessary records.

7. Second, counsel have been unable to devote the time required to prepare Runyon's opening brief due to scheduled deadlines in other cases. Although counsel have been working diligently, Runyon's brief is presently nowhere ready to file, his application for a certificate of appealability has not been written, and the Appendix is a work in progress.

8. Counsel Chavis's time has been primarily consumed with investigating and drafting an amended § 2255 motion in the Southern District Florida which was filed on January 18, 2018. Counsel was then required in that case to file an amended discovery motion, and that motion was filed on February 14, 2018. On February 26, 2018, in another capital habeas case out of the Eastern District of Tennessee, counsel filed an amendment based on a newly-exhausted issue. During this same time period, the State of Tennessee has sought execution dates for three clients in counsel's office and it issued a new lethal injection protocol. Counsel has been reacting to those two issues and must file on March 1, 2018, responses opposing the setting of execution dates. Finally, in a different capital habeas case, counsel has a certificate of appealability due in the Sixth Circuit Court of Appeals on March 19, 2018.

9. Counsel Brace previously noted two other cases on which she has responsibility, and those have continued to draw on her time. Brace remains significantly involved in the petition for a writ of certiorari in *United States v. Torrez*, No. 14-1. When that case was in the Fourth Circuit, Brace had major responsibility for researching and writing the issue on which the panel split, and which is presented in the certiorari petition: whether the categorical approach applies in determining whether a defendant has "previously been convicted" for purposes of making him eligible for death under the Federal Death Penalty Act.

After receiving an extension from the Supreme Court, Torrez's certiorari petition was just filed on February 22, 2018. The government's response is presently due on March 26, 2018. The Solicitor General may ask for an extension, but whenever he responds, Torrez will have approximately two weeks to file a reply. Counsel Brace also has been involved in efforts to procure and assist *pro bono* counsel in certiorari proceedings on behalf of a Virginia juvenile originally charged with capital murder and now serving a life-without-parole sentence. The attorney who represented the juvenile in state court died suddenly while the petition for writ of certiorari was pending. The petition was recently denied. The juvenile is not entitled to appointed counsel for state habeas proceedings. Brace cannot represent the juvenile directly, but has been attempting over the past several weeks to recruit *pro bono* counsel to take the case. These efforts, however, have not been successful. Currently unrepresented, the juvenile's deadline for filing a petition for writ of habeas corpus in state court is March 26, 2018, and state law does not permit an extension. In addition, other cases in counsel Brace's office with near-term deadlines, including remand proceedings in *Juniper v. Zook*, No. 13-7, make assistance in Runyon's case unlikely.

    Wherefore, Runyon moves the Court to extend the deadline for filing by 120 days, to and including July 25, 2018.

    Respectfully submitted this the 28th day of February, 2018.

s/Michele J. Brace
Michele J. Brace
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

s/Dana C. Hansen Chavis
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services of
Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org

*Counsel for Appellant Runyon*

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2018, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

Respectfully submitted,
/s/ Michele J. Brace
Michele J. Brace
Virginia Capital Representation
  Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone: (434) 817-2970
mbrace@mindsort.com