IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Respondent-Appellee, | ) | No. 17-5 |
| | ) | Death Penalty Case |
| v. | ) | |
| | ) | |
| DAVID ANTHONY RUNYON | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |

UNOPPOSED THIRD MOTION FOR EXTENSION OF TIME TO FILE
APPELLANT'S OPENING BRIEF AND THE APPENDIX

Appellant David Anthony Runyon, by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 31(c) for a 30-day extension of time in which to file the Appendix, Runyon's opening brief, and Runyon's application for a certificate of appealability in the above-captioned matter.

This is Runyon's third request for an extension. He has previously requested, and the Court has granted, two extensions of 120 days each. Present circumstances necessitate this request for a short, third extension. Counsel have communicated with Brian Samuels, counsel for the government, and the government does not object to the requested extension.

In support thereof, counsel for Appellant further states as follows:

1. This is a postconviction appeal from a judgment of the United States District Court for the Eastern District of Virginia, Newport News Division, denying Runyon's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence.

2. Runyon was convicted of conspiracy to commit murder-for-hire and associated crimes, for which he received two death sentences and one sentence of life imprisonment. This Court affirmed Runyon's convictions and sentences on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).

3. The district court appointed Michele Brace, an attorney with the Virginia Capital Representation Resource Center (VCRRC), to represent Runyon in collateral proceedings. The court subsequently appointed Dana Hansen Chavis of Federal Defender Services of Eastern Tennessee, Inc. (FDSET) as co-counsel. Runyon timely filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court issued a 241-page opinion denying that motion. It also denied discovery, an evidentiary hearing, and a certificate of appealability. Runyon unsuccessfully moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the district court denied. Runyon timely noticed an appeal.

4. This Court most recently extended the date for Runyon to file the Appendix and his opening brief to and including July 25, 2018. Runyon hereby

asks for an additional 30-day extension, to and including August 24, 2018, for several reasons.

5. First, although Runyon has continued to winnow the issues for appeal, those that remain are complex, legally significant, and (in counsel's view) meritorious. These issues require complex multi-layered analyses of substantive constitutional law, federal statutes, and multiple procedural issues. Runyon also must address both the procedural and substantive requirements for a certificate of appealability. He further must discuss whether he was entitled to an evidentiary hearing—a proceeding the district court denied without employing the standard for a hearing in § 2255(b). For several claims, Runyon must address the district court's alternative determination of procedural default, where the district court applied a novel standard for default that arguably conflicts with Supreme Court precedent as applied to the facts of Runyon's case. Runyon additionally must address the district court's decision to conduct its own factual investigation of two issues and to cite that investigation (but not reveal the facts resulting from the investigation) as a basis for denying claims.

6. Runyon also will request a certificate of appealability on each of the claims in his brief. The district court denied a COA on all claims in the single penultimate sentence of its final opinion: "The court declines to issue a certificate of appealability for the reasons stated in this Opinion." ECF No. 560-4, PageID#

5810. It did not cite, and did not apply, the correct standard: whether, notwithstanding the reasons stated in the court's Opinion, reasonable jurists could debate whether the substantive or procedural issues should have been resolved in different manner or that the issues presented were adequate to deserve encouragement to proceed further. Runyon also is responsible for compiling the Appendix, including sealed volumes, and with coordinating the Appendix with opposing counsel. This is a laborious task that necessarily must proceed in tandem with each claim, to ensure the Appendix contains all records that either party specifies.

7. Second, counsel have been, and continue to be, strained in their ability to timely complete these tasks, due to scheduled deadlines and other circumstances. Counsel Chavis is currently engaged in stay litigation that involves a lengthy evidentiary hearing, and which will continue for a number of days. She anticipates that the hearing will be followed by orders for expedited post-hearing briefing. She will have little if any time to work on Runyon's appellate filings prior to his current July 25 filing deadline. Chavis also has a continuing obligation in a federal capital habeas case in Florida. The amended § 2255 motion in that case was 357 pages and the government's answer was 273 pages. The inmate's reply is due September 24, 2018.

8. Counsel Brace has a continuing involvement in the certiorari proceedings challenging this Court's decision in *U.S. v. Torrez*; in state habeas proceedings for a juvenile who was charged with capital murder but is now sentenced to life imprisonment without parole; in review of a potential new capital § 2254 case; and in scheduled legal research matters not confined to an individual case. These matters will require ongoing work during the next two months. Counsel Brace also has some unforeseen health issues that currently limit her work and would impair her ability to complete Runyon's appeal by the current deadline.

Wherefore, Runyon moves the Court to extend the deadline for filing by 30 days, to and including August 24, 2018.

Respectfully submitted this the 6th day of July, 2018.

s/Michele J. Brace
Michele J. Brace
Virginia Capital Representation
Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
Telephone (434) 817-2970
Fax (434) 817-2972
mbrace@mindsort.com

s/Dana C. Hansen Chavis  
Dana C. Hansen Chavis  
Asst. Federal Community Defender  
Federal Defender Services of  
Eastern Tennessee, Inc.  
800 S. Gay Street, Suite 2400  
Knoxville, TN 37929  
Telephone (865) 637-7979  
Fax (865) 637-7999  
Dana_Hansen@fd.org  

*Counsel for Appellant Runyon*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

| | |
|---|---|
| Brian J. Samuels<br>Asst. United States Attorney<br>United States Attorney's Office<br>Fountain Plaza Three, Suite 300<br>721 Lakefront Commons<br>Newport News, VA 23606<br>Telephone (757) 591-4032<br>Fax (757) 591-0866<br>Brian.Samuels@usdoj.gov | Lisa R. McKeel<br>Asst. United States Attorney<br>United States Attorney's Office<br>Fountain Plaza Three, Suite 300<br>721 Lakefront Commons<br>Newport News, VA 23606<br>Telephone (757) 591-4040<br>Fax (757) 591-0866<br>Lisa.McKeel@usdoj.gov |

/s/ Michele J. Brace  
Michele J. Brace

6