IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,    )
    )
       Appellee,    )
    )    No. 17-5
       v.    )
    )
DAVID ANTHONY RUNYON,    )
    )
       Appellant.    )

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO RUNYON'S MOTION FOR LEAVE TO FILE SEALED ADDITIONAL MATERIAL

For the reasons set out below, the United States of America opposes Appellant

DAVID ANTHONY RUNYON'S, ("RUNYON" or "defendant") motion for leave

to file sealed additional material.

## BACKGROUND

RUNYON was sentenced to death on December 4, 2009. He noted his appeal

to this Court, which affirmed his conviction and sentence. *United States v. Runyon*,

707 F.3d 475 (2013). He filed a §2255 in the district court, which denied his motion

and a Certificate of Appealability (COA) on January 19, 2017.  On August 24,

2018, RUNYON applied for a COA and filed his opening brief. He further filed the

instant motion seeking leave of this Court to file sealed additional material.

The materials at issue are charts that have been compiled by the defendant's attorneys. They are comprised of selected information related to the jury selection process; information that is spread across numerous other documents and the trial transcript. As they are presented in this aggregate yet selected fashion, with various other materials related to the jury selection process omitted, they are attorney work product that were not submitted to the district court in the original §2255. Accordingly, the defendant is seeking to expand the record before this Court.

**LEGAL STANDARD**

Federal Rule of Appellate Procedure 10 defines the composition of the record on appeal. Under the rule, "the following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcripts of proceedings, if any; and (3) a certified copy of the docket entries as prepared by the district court." Fed. R. App. P. 10(a).

Federal Rule of Appellate Procedure 10(e) allows for correction and modification of the record under limited circumstances—when there is a difference as to what occurred before the district court or an omission or misstatement resulting from error or accident. Fed R. App. P. 10(e)(1)-(2). The rule requires that any difference "about whether the record truly discloses what occurred in the district court … be submitted to and settled by that court and the record conformed

2

accordingly." Fed. R. App. P. 10(e)(1). The rule also permits the parties by stipulation, the district court, or the court of appeals to correct or supplement the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2) (allowing the correction of such material omissions or misstatements). Outside of these circumstances, "[a]ll other questions as to the form and content of the record must be presented to the court of appeals." Fed. R. App. P. 10(e)(3).

Consistent with this rule, the Fourth Circuit Local Rules has directed that "[d]isputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance, although the Court of Appeals has the power, either on motion or of its own accord, to require that the record be corrected or supplemented. It is unnecessary to seek permission of the Court Of Appeals to supplement the record and the record may be supplemented by the parties by stipulation or by order of the district court at any time during the appellate process." Local R. of App. P. 10(d).

## ANALYSIS

### I. RUNYON did not Present the Documents to the District Court

The materials that the defendant seeks to supplement the record were not used by the district court. The defendant did not seek, prior to this motion before the

3

Court, to modify the record on appeal with the district court. *Rohbrough v. Wyethy Labs, Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990) (affirming district court's decision not to supplement the record with documents plaintiff had not filed or brought to the attention of the district court).   It should be noted that RUNYON did, in fact, seek to expand the record in the district court on August 18, 2017 to include the juror questionnaires and the strike list. ECF 588. The United States did not oppose that motion. According to the defendant's motion, all the information that is included in the materials to expand the record are found in the Joint Appendix. Accordingly, the defendant's motion should be denied pursuant to Fed. R. App. P. 10(e)(1).

## II.     Federal Rule of Appellate Procedure 10(e)(2) does not Authorize Addition of the Proffered Materials

Federal Rule of Appellate Procedure 10(e)(2) allows for supplementation of the record if (1) if any difference arises as to what actually occurred before the district court, or (2) if anything material to either party is omitted from the record by error or accident. The United States submits that this Court should not supplement the record because the proffered materials do not conform to Rule 10(e)(2). The defendant does not and cannot argue that these materials fit into either of these categories. Although the term "error or accident" is "broadly interpreted" and can include omissions resulting from "inadvertence of the parties, the court reporter, the

district court clerk or the judge," courts "have consistently held that a party's failure to proffer [documents] that were in existence at the time of the challenged ruling does not constitute an actionable 'error or accident' under Rule 10(e)." *Amr v. Virginia State Univ.*, No. 3:07-cv-628, 2009 WL 1208203, at \*2 (E.D. Va. May 4, 2009) (Payne, J.) (citing *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986)).

Instead, the defendant is attempting to add charts prepared by counsel because " Counsel find these charts very helpful, and they believe the charts will also assist the court and opposing counsel by providing quick and coordinated access to relevant information". Doc 33, p.2. Because the defendant's request does not present either of the circumstances which permit a district court to supplement the record on appeal. The United States submits that this Court should not supplement the record by adding materials that were not used by the district court. Accordingly, the defendant's motion should be denied.

### III. The Court's Inherent Discretion should not be Exercised in this Matter

The United States submits that while there is "a vein of precedent permitting *appellate* courts to consider matters not included in the appellate record 'in the interests of justice,'" this Court should decline to do so. *Freedman, Levy, Kroll, Simonds v. Mendelson*, 197 F.R.D. 276, 279 (E.D. Va. 2000) (Brinkema, J.).

The district Court in *Mendelson* concluded that that there were "four general circumstances in which federal *appellate* courts consider matters beyond the record as a matter of inherent discretion." These are as follows:

(1)    "[A]n appellate court may rule *sua sponte* on questions of law neither argued before the trial court nor expressly raised on appeal."

(2)    "[A]n appellate court reviewing probable cause and other procedural matters frequently considers evidence presented in pretrial proceedings but not properly brought before the trial court or included in the appellate record."

(3)    "[A]n appellate court may exercise its inherent discretion in the interest of justice to consider evidence not considered by the trial court."

(4)    "[A]n appellate court may consider *sua sponte* mixed issues of law and fact not specifically raised in the district court."

*Mendelson*, 197 F.R.D. at 279-80.

While a few district courts have looked at this issue, this Court has not recognized the proposition espoused in *Mendelson,* namely an exception "in the interests of justice". *Thomas v. Lodge No. 2461 of Dist. Lodge 74 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 348 F. Supp. 2d 708, 710 (E.D. Va. Dec. 16, 2004) (Payne, J.) and *Amr v. Virginia State Univ.*, No. 3:07-cv-628, 2009 WL 1208203, at *2 (E.D. Va. May 4, 2009) (Payne, J.)

Whatever the scope of the appellate court's inherent authority to expand the record "in the interests of justice," the United States submits that these materials that the defendant seeks to expand this record are not of such a nature that the Court should use its discretion. While the factual basis for any of these charts is contained in the record properly before the Court, the compiling and highlighting of only certain information related to the jury selection process leaves the impression that only such selected information was at issue in the selection process. This is an argument cast in the guise of the record. Thus, the defendant's motion should be denied.

## <u>CONCLUSION</u>

Therefore, for the reasons outlined above, the United States respectfully submits that the defendant's motion be denied.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Lisa R. McKeel
Virginia Bar No. 28652
Assistant United States Attorneys
United States Attorney's Office
Fountain Plaza Three, Suite 300
Newport News, VA 23606
Office Number: 757-591-4000

7

Facsimile Number: 757-591-0866
Lisa.McKeel@usdoj.gov


By: _____/s/_____
Brian J. Samuels
Virginia Bar No. 65898
Assistant United States Attorneys
United States Attorney's Office
Fountain Plaza Three, Suite 300
Newport News, VA 23606
Office Number: 757-591-4000
Facsimile Number: 757-591-0866
Brian.Samuels@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

**Michele Jill Brace**
Virginia Capital Representation Resource Center
2421 Ivy Rd., Suite 301
Charlottesville, VA   22903
Ph:   434-817-2970, 202-223-6380
Email: mbrace@mindsort.com

**Dana Catherine Hansen Chavis**
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay St, Suite 2400
Knoxville, TN   37929
Ph:   (865) 637-7979
Fax:   (865) 637-7999
Email:   dana_hansen@fd.org

/s/

Lisa R. McKeel
Virginia Bar No. 28652
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
Newport News, VA 23606
Office Number: 757-591-4000
Facsimile Number: 757-591-0866
Lisa.McKeel@usdoj.gov
