# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff-Appellee, | ) | No. 17-5 |
| | ) | Death Penalty Case |
| v. | ) | |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S REPLY BRIEF

Appellant David Anthony Runyon, by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Local Rule 31(c) for a 28-day extension of time in which to file Runyon's reply brief in the above-captioned matter. Counsel have communicated with counsel for the government, and the government does not object to the requested extension.

In support thereof, counsel for Appellant further state as follows:

1. Appellee's brief was filed on January 13, 2020. (ECF No. 64). After receiving an extension of the word count for its brief, the Government filed a 103-page brief. (ECF Nos. 62, 63).

2. The present filing deadline for Appellant's Reply Brief is February 3, 2020. An extension of 28 days would result in a new due date of March 2, 2020. The

government does not oppose this request for additional time. No date is currently scheduled for oral argument. (ECF No. 61).

3. As of today's date, undersigned counsel for Runyon have reviewed the brief filed by Appellee, discussed points for Runyon's reply, and have begun drafting the argument. Counsel, however, will be unable to complete an adequate reply by the due date. There are four reasons why counsel need more time. First, because of the unusual amount of time that has passed since the initial brief was filed, counsel need to re-familiarize themselves with the details of this case. Appellees have presented certain factual arguments that must be addressed in Runyon's reply and 17 months have passed since counsel have worked with the facts of this case. Counsel require sufficient time to review the basis for Appellee's factual arguments and to respond accordingly.

4. Second, more time is needed because there have been significant legal developments since August 24, 2018, the date when Mr. Runyon's opening brief was filed. In particular, the Supreme Court released its opinion in *United States v. Maurice Lamont Davis and Andre Levon Glover*, 139 S. Ct. 2319 (2019). Subsequently, numerous appellate and district court opinions have applied *Davis* to various scenarios. Counsel require sufficient time to research and synthesize the recent cases that have applied *Davis.* Also, because Mr. Runyon's opening brief was filed before *Davis,* the government has raised arguments in its brief that were not

presented to the lower court. Counsel need sufficient time to research and reply to these new arguments. The Supreme Court also issued its opinion in *Flowers v. Mississippi*, 139 S. Ct. 2228 (2019), in the interval since Runyon filed his opening brief, and the government addresses *Flowers* in its response. Even on points for which there is no intervening Supreme Court decision, counsel must update their research on nearly every point of law in their opening brief to ensure it is still accurate and appropriate.

5. Third, the government's response includes arguments it never raised below, and that Runyon must address from scratch. For example, in responding to Runyon's long-standing habeas allegation that *the government* engaged in racial discrimination by peremptorily striking 7 of the 10 African-American potential jurors, the government asserts for the first time that *the defense* did not strike any African-American venire members. The government argues that before this Court can perform any statistical analysis of Runyon's *Batson* claim, it must subtract all 20 of Runyon's peremptory strikes from the composition of the venire (reducing it from 52 to 32 members) and should confine any statistical analysis of Runyon's *Batson* claim to this reduced venire. Runyon will respond, but this kind of new issue will cost him additional time.

6. Fourth, Runyon's counsel in Tennessee presently represent other capital clients with imminent execution dates and with other filing dates. Attorneys Chavis

and Bales represent a client who is scheduled for execution on February 20th. (Order, *State v. Nicholas Todd Sutton*, No. E2000-00712-SC-DDT-DD (Tenn. Nov. 16, 2018)). They represent another client whose execution is scheduled for March 12th. (Warrant of reprieve rescheduling execution for March 12, 2020, *State v. Lott*, No. 1989-0846 (Ohio Sup. Ct. Mar. 7, 2019)). Each client is seeking clemency and a large portion of time, including the time since Appellee's brief was filed in this case, is being devoted to preparing Mr. Lott's clemency application and exhibits which must be submitted to the Ohio Parole Board by January 29, 2020. Attorney Chavis will be assisting in the preparation of Lott's parole board interview and hearing, scheduled for February 6, and February 11, 2020, respectively. Furthermore, counsel has been preoccupied drafting a reply in support of a preliminary injunction as well as a response to a motion to dismiss, both of which will be filed today (January 24th).

7. In addition, Attorney Bales has been working to prepare a reply brief in another capital case. (*Gamboa v. Davis*, No. 16-70023 (5th Cir. Jan. 3, 2020)). The deadline to file Mr. Gamboa's reply brief has already been extended and it is due on January 24, 2020 (today). It has taken a considerable amount of Counsel Bales' available working hours to finalize the reply brief. Counsel Bales also must work out of town for a few days on another case where travel and other difficult-to-make arrangements were previously scheduled. Counsel Chavis has a reply brief on

4

another capital case due in the Sixth Circuit on February 11, 2020. (Briefing Schedule, *Hodge v. Hart*, No. 17-6032 (6th Cir. Dec. 20, 2019)). Accordingly, counsel in Tennessee have had little time to devote to those portions of Mr. Runyon's reply brief for which they are responsible and almost half of the currently designated reply-time in this case has been allocated to other urgent matters.

8. Attorney Brace in Virginia had a petition for writ of certiorari that was due and filed the same day the government filed its response in Mr. Runyon's case, and she was unable to prepare in advance for the *Runyon* reply. Brace also is undertaking an investigation for an undeveloped federal habeas case whose petition must be filed by late spring. Her immediate schedule depends in part on some currently outstanding medical issues, as well as the demands of other cases in her office. With the benefit of additional time, Brace expects to timely complete the issue in Mr. Runyon's reply brief for which she is primarily responsible.

9. Due to the complexity of the issues to be addressed in the reply brief, as well as their pre-existing obligations in other cases, counsel need additional time to prepare a cogent well-researched brief.

Wherefore, Appellant Runyon respectfully moves this Court for the entry of an order extending the deadline for filing Appellant's reply brief by 28 days, up to and including March 2, 2020.

Respectfully submitted this the 24th day of January, 2020.

                                          <u>s/Michele J. Brace</u>
                                          Michele J. Brace
                                          Virginia Capital Representation
                                           Resource Center
                                          2421 Ivy Road, Suite 301
                                          Charlottesville, VA 22903
                                          Telephone (434) 817-2970
                                          Fax (434) 817-2972
                                          <u>mbrace@mindsort.net</u>

                                          <u>s/Dana C. Hansen Chavis</u>
                                          Dana C. Hansen Chavis
                                          Asst. Federal Community Defender
                                          Federal Defender Services of
                                          Eastern Tennessee, Inc.
                                          800 S. Gay Street, Suite 2400
                                          Knoxville, TN 37929
                                          Telephone (865) 637-7979
                                          Fax (865) 637-7999
                                          Dana_Hansen@fd.org

                                          *Counsel for Appellant Runyon*

# **CERTIFICATE OF SERVICE**

  I hereby certify that on January 24, 2020, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

| | |
|---|---|
| Brian J. Samuels | Lisa R. McKeel |
| Asst. United States Attorney | Asst. United States Attorney |
| United States Attorney's Office | United States Attorney's Office |
| Fountain Plaza Three, Suite 300 | Fountain Plaza Three, Suite 300 |
| 721 Lakefront Commons | 721 Lakefront Commons |
| Newport News, VA 23606 | Newport News, VA 23606 |
| Telephone (757) 591-4032 | Telephone (757) 591-4040 |
| Fax (757) 591-0866 | Fax (757) 591-0866 |
| Brian.Samuels@usdoj.gov | Lisa.McKeel@usdoj.gov |

            s/Michele J. Brace
            Michele J. Brace
            Virginia Capital Representation
             Resource Center
            2421 Ivy Road, Suite 301
            Charlottesville, VA 22903
            Telephone (434) 817-2970
            Fax (434) 817-2972
            mbrace@mindsort.net