

U.S. Department of Justice

**United States Attorney's Office**

Eastern District of Virginia

| | | |
|---|---|---|
| G. Zachary Terwilliger | Fountain Plaza Three, Suite 300 | (757) 591-4000 |
| United States Attorney | Newport News, VA 23606 | (757) 591-0866 (fax) |

August 31, 2020

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia  23219-3517

**Re:**   *United States v. Runyon*, No. 17-5
    **Letter under Fed. R. App. P. 28(j)**

Dear Ms. Connor:

Among other issues, this case raises the question of whether conspiracy to commit murder for hire resulting in death, in violation of 18 U.S.C. § 1958(a), qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).

In *United States v. Tsarnaev*, 968 F.3d 24 (1st Cir. 2020), the First Circuit recently held that conspiracy to use weapons of mass destruction resulting in death is a crime of violence under § 924(c).  It reasoned that "while most conspiracies are not crimes of violence, conspiracies that are categorically defined to result in death are (assuming the other requirements like intent are satisfied)."  *Id.* at 104.

Likewise, in *United States v. Ross*, — F.3d —, No. 18-2800, 2020 WL 4590124 (8th Cir. Aug. 11, 2020), the Eighth Circuit recently held that conspiracy to commit kidnapping resulting in death is a crime of violence.  It reasoned that "an offense requiring proof of physical injury is an offense that has as an element the use of physical force," and that, "[*a*] *fortiori*, an offense that requires proof that the defendant caused death has as an element the use of force."  *Id.* at *4.

The government's argument here is identical.  Gov't Br. 23–28.  The defendant nonetheless argues that his conspiracy offense is not a crime of violence because the "death resulting" element could, in theory, arise accidentally.  As an example, he offers an unanticipated car crash occurring during the conspiracy.  Def. Br. 5–6.  But this Court recently warned that "conceiving of a violation in the legal imagination is not an appropriate method by which to determine the minimum conduct necessary to violate a statute," as "[t]here must be a realistic probability, not a theoretical possibility that the described conduct would be prosecuted under the statute."  *United States v. Rumley*, 952 F.3d 538, 551 (4th Cir. 2020) (internal quotation marks omitted).  Absent an exemplar case where the government has, in fact, prosecuted someone for conspiracy to commit murder for hire resulting in death in the sorts of circumstances hypothesized by the defendant, his argument is unavailing.

Respectfully,

G. Zachary Terwilliger
United States Attorney

By: _____ / s / _____
Brian J. Samuels
Assistant United States Attorney
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
(757) 591-4000
brian.samuels@usdoj.gov

2