# FEDERAL DEFENDER SERVICES
## OF EASTERN TENNESSEE, INCORPORATED

800 S. Gay Street, Suite 2400
Knoxville, Tennessee 37929-9714

Elizabeth B. Ford
Federal Community Defender

Telephone   865-637-7979
Fax              865-637-7999

September 8, 2020

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re:     *United States v. Runyon*, No. 17-5
         Response to letter under Fed. R. App. P. 28(j)

Dear Ms. Connor:

In *U.S. v. Tsarnaev,* 968 F.3d 24 (1st Cir.2020), the First Circuit found conspiracy to use a weapon of mass destruction resulting in death is an 18 U.S.C. §924(c) "crime of violence." But the Court did so assuming that because the targeted offense under the conspiracy required *the intentional* use of physical force, so did the "death resulting" element. This logic is flawed. An *intentional* mens rea never attaches to the "death resulting" element. "Death resulting" (like felony murder) is a strict liability element requiring no mens rea. *U.S. v. Piche,* 981 F.2d 706, 711 (4th Cir.1992); *U.S. v. Poindexter,* 44 F.3d 406, 408-09 (6th Cir.1995); *U.S. v. Hayes,* 589 F.2d 811, 821(5th Cir.1979); *U.S. v. McDuffy,* 890 F.3d 796, 797-98 (9th Cir.2018). Because this Court has said "death resulting" can occur accidentally, a realistic probability exists for an 18 U.S.C. §1958(a) prosecution based on unintentional death. *U.S. v. Aparicio-Soria,* 740 F.3d 152, 157-58 (4th Cir.2014) (en banc) (when court says offense can be committed without satisfying force clause, reasonable probability exists for such prosecution).

To be clear, the combined elements of (1) conspiracy to commit murder for hire and (2) death resulting do not change this result. The §924(c) force clause demands a "single" element simultaneously requiring both (1) intentional (2) use of violent force. *U.S. v. Middleton*, 883 F.3d 485, 498 (4th Cir.2018). §1958(a) has no such element. The elements of conspiracy to commit murder for hire, although intentional, do not require *violent force* because they can be accomplished solely by an unlawful agreement to commit murder for hire. The death resulting element, even

assuming it requires violent force, does not require the *intentional* use of that force. At most, the "conspiracy" and "death resulting" elements each come halfway toward satisfying the force clause, but neither contains both of the clause's requirements. Hence, a §1958(a) death could result from a car accident that occurs due to no fault of the defendant—while the defendant is transporting the intended victim of a murder for hire in furtherance of the conspiracy. Such unintentional death is not a "crime of violence."

Respectfully submitted,

FEDERAL DEFENDER SERVICES OF
 EASTERN TENNESSEE, INC.

s/ Susanne Bales
Susanne Bales
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Susanne_Bales@fd.org

*Counsel for Appellant Runyon*