IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-5

UNITED STATES OF AMERICA,

*Appellee*,

v.

DAVID ANTHONY RUNYON,

*Appellant*.

Appeal from the United States District Court
for the Eastern District of Virginia
at Newport News
*The Honorable Rebecca Beach Smith, Chief District Judge*

PETITION OF THE UNITED STATES FOR LIMITED PANEL REHEARING

G. Zachary Terwilliger
United States Attorney

Richard D. Cooke
Daniel T. Young
Assistant United States Attorneys

Lisa R. McKeel
Brian J. Samuels
Assistant United States Attorneys
Fountain Plaza Three, Suite 300
Newport News, VA 23606
(757) 591-4000

*Attorneys for the United States of America*

**Table of Contents**

Page

Table of Authorities ................................................................................... ii

Introduction ................................................................................................1

Argument....................................................................................................4

I.  The post-*Davis* validity of multi-predicate § 924 convictions turns on normal principles of plain- and harmless-error review. ...................................4

    A.  Governing precedent holds that alternative-theory errors may be non-prejudicial and harmless. ...............................................................4

    B.  Circuit precedent applying the categorical approach does not govern the validity of multi-predicate § 924 counts. .........................10

II.  The panel should revise its opinion to remove language regarding the validity of multi-predicate § 924 convictions..................................................13

Conclusion ...............................................................................................17

Certificate of Compliance ........................................................................18

**Table of Authorities**

**Cases**

*Bailey v. United States*, 516 U.S. 137 (1995) ........................................16

*Barnes v. Thomas*, 938 F.3d 526 (4th Cir. 2019) ................................8

*Bauberger v. Haynes*, 632 F.3d 100 (4th Cir. 2011) ..................................4

*Brecht v. Abrahamson*, 507 U.S. 619 (1993) ......................................7

*Curtis Johnson v. United States*, 559 U.S. 133 (2010) ..............................2

*Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007) .........................14

*Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (per curiam) ..............................2, 5

*McMellon v. United States*, 387 F.3d 329 (4th Cir. 2004) (en banc) .......................3

*Neder v. United States*, 527 U.S. 1 (1999) ........................................5

*Perez v. Mountaire Farms, Inc.*, 650 F.3d 350 (4th Cir. 2011) .............................14

*Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015) ......................................15

*Skilling v. United States*, 561 U.S. 358 (2010) ....................................5

*Steward v. United States*, 141 S. Ct. 167 (2020) ........................................9

*United States v. Beatty*, 702 F. App'x 148 (4th Cir. 2017) ....................................14

*United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012) ......................................10

*United States v. Christensen*, 828 F.3d 763 (9th Cir. 2015) ....................................7

*United States v. Davis*, 139 S. Ct. 2319 (2019) ........................................1

*United States v. Hare*, 820 F.3d 93 (4th Cir. 2016) ....................................4

*United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012),
    *as amended* (Mar. 29, 2012) ........................................5

*United States v. John-Baptiste*, 747 F.3d 186 (3d Cir. 2014) ....................................7

*United States v. Johnson*, 827 F. App'x 283 (4th Cir. 2020)
    (per curiam) ........................................10

*United States v. Macleod*, 808 F.3d 972 (4th Cir. 2015) ......................................14

*United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) ........................................9

*United States v. Mitchell*, 104 F.3d 649 (4th Cir. 1997) ......................................16

*United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010).............................................6

*United States v. Runyon*, — F.3d —, No. 17-5, 2020 WL 7635761
(4th Cir. Dec. 23, 2020) ........................................................... 1, 13

*United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) ..............................9

*United States v. Smith*, 723 F.3d 510 (4th Cir. 2013)..........................................6, 7

*United States v. Steward*, 793 F. App'x 188 (4th Cir. 2019)
(per curiam) ...........................................................................8

*United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020) ........................................15

*United States v. Vann*, 660 F.3d 771 (4th Cir. 2011)
(en banc) (per curiam) ....................................................... 2, 10, 12

*United States v. Wilson*, 960 F.3d 136 (3d Cir. 2020) .........................................6

*Yates v. United States*, 354 U.S. 298 (1957)..................................................2, 5

**Statutes**

18 U.S.C. § 1958(a) ...........................................................................13

18 U.S.C. § 2119(3) ...........................................................................13

18 U.S.C. § 922(g)(8).........................................................................11

18 U.S.C. § 924(c)(3)(A) ......................................................................1

18 U.S.C. § 924(c)(3)(B) .....................................................................15

18 U.S.C. § 924(j)............................................................................1

**Other Authorities**

Gov't Opp. to Cert., *Steward v. United States*, 141 S. Ct. 167 (2020)
(No. 19-8043) ........................................................................9

## Introduction

The government asks the panel to remove a single sentence from its opinion—a sentence that is both dicta and contrary to well-established doctrinal principles.

In its opinion, the panel rejected the defendant's collateral attack on his conviction for violating 18 U.S.C. § 924(j), which imposes enhanced penalties for violations of 18 U.S.C. § 924(c) involving murder. More specifically, the panel concluded that both of the predicate offenses on which the defendant's § 924(j) conviction rested remain crimes of violence under 18 U.S.C. § 924(c)(3)(A), notwithstanding *United States v. Davis*, 139 S. Ct. 2319 (2019). *See United States v. Runyon*, — F.3d —, No. 17-5, 2020 WL 7635761, at *2–6 (4th Cir. Dec. 23, 2020) (holding that both carjacking and conspiracy to commit murder-for-hire resulting in death are crimes of violence).

In doing so, however, the panel included language addressing the parties' disagreement about a scenario not ultimately presented in *Runyon*—namely, what happens after *Davis* when a § 924(c) conviction includes multiple predicate offenses, some of which are valid and others not. The panel stated:

In this case, the jury was not asked to indicate in its verdict form whether it was relying on conspiracy to commit murder for hire or carjacking in finding Runyon guilty under § 924(c)(1), (j)(1). Accordingly, we must assume that Runyon could have been convicted by the jury's reliance on either predicate offense, requiring us to determine whether each predicate offense qualifies as a crime of violence. *Curtis Johnson v. United States*, 559 U.S. 133, 137 (2010); *United States v. Vann*, 660 F.3d 771, 774–75 (4th Cir. 2011) (en banc) (per curiam). And if one predicate offense does not qualify, we would be required to vacate the conviction.

*Runyon*, 2020 WL 7635761, at *4 (citation modified).

The government seeks limited panel rehearing to ask the Court to remove the statement that "if one predicate offense does not qualify, we would be required to vacate the conviction" from its opinion. That statement addresses what should happen when a jury has returned a general guilty verdict for a § 924(c) count that has multiple predicate offenses, one of which is no longer valid. But under well-established precedent, ordinary principles of plain- and harmless-error review govern instructional errors when there are alternative theories of liability presented to a jury, only some of which are valid. *See Hedgpeth v. Pulido*, 555 U.S. 57, 60–61 (2008) (per curiam); *Yates v. United States*, 354 U.S. 298 (1957). For a § 924(c) conviction, juries decide the factual questions of whether a defendant committed a particular predicate and whether the firearm had the requisite relationship to the predicate offense. The categorical approach does not govern those factual issues, and instead, the harmlessness principles from *Hedgpeth* and *Yates* control.

2

Nor are these principles altered by this Court's analysis of guilty pleas in *Vann*. *Vann* did not, and could not, abrogate authority like *Hedgpeth*, *Yates*, and their progeny.

Moreover, the panel should delete the problematic statement because the issue it addresses does not even arise in *Runyon*. In this case, the panel held that both predicates were crimes of violence. Thus, the panel's statement about the consequence when one predicate offense is invalid is unnecessary and dicta. Keeping this language in the opinion therefore threatens to generate confusion in a wide swath of cases. As it stands today, parties in future appeals will have to litigate over (i) whether, as dicta, the panel's language is even binding, and (ii) whether, under the prior panel rule, *see McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc), the language impermissibly contravenes earlier precedent. Given that the Court is set to address this issue in another case, the better path is to remove the above-quoted language from the panel's opinion and to allow the Court to adjudicate this issue in a case where it will be dispositive.

<h1 style="text-align:center">Argument</h1>

For the reasons below, the United States respectfully asks the panel to remove or amend the above-quoted language in its opinion.

**I.** **The post-*Davis* validity of multi-predicate § 924 convictions turns on normal principles of plain- and harmless-error review.**

Citing *Curtis Johnson* and *Vann*, the panel appears to suggest that a § 924 conviction becomes invalid on collateral review whenever one of several predicates no longer qualifies as a crime of violence, at least on appeal from a jury trial in the absence of a special verdict form.[1] The government disagrees.

**A.** **Governing precedent holds that alternative-theory errors may be non-prejudicial and harmless.**

In a case of claimed instructional error, relief is not warranted where a defendant has not been prejudiced—whether that claim arises on direct appeal (either under plain- or harmless-error review) or on collateral attack. Indeed, "[b]ecause of the threat collateral attacks pose to finality, comity, and federalism, habeas petitioners may secure the writ only if the error actual[ly] prejudice[d] them." *Bauberger v. Haynes*, 632 F.3d 100, 104 (4th Cir. 2011) (internal quotation marks and citations omitted; second and third set of brackets in original).

---

[1] Circuit precedent makes clear that where there *is* a special verdict form, a multi-predicate § 924 conviction is valid so long as one of its predicates remains valid. *See United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir. 2016).

Cases on direct appeal demonstrate that a special verdict form is not required to find harmless a preserved claim of error in instructing the jury on an alternative theory of liability. In *United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012), *as amended* (Mar. 29, 2012), the Court confronted a situation where the jury had been instructed under two different fraud theories, one that was impermissible following *Skilling v. United States*, 561 U.S. 358 (2010), and one that remained valid. *Jefferson* did not simply vacate the convictions affected by this ambiguity.

Instead, *Jefferson* began with the observation that, under *Yates*, "when a general verdict on a single criminal charge rests on alternative theories, one valid and the other invalid, the verdict must be set aside if it is 'impossible to tell which ground the jury selected.'" 674 F.3d at 361 (quoting *Yates*, 354 U.S. at 312). Even so, for preserved claims, the Court held that "a *Yates* alternative-theory error is subject to ordinary harmlessness review, and the relevant appellate inquiry is whether the error was harmless beyond a reasonable doubt." *Id.* Thus, *Jefferson* explained that "a reviewing court is not entitled to reverse a conviction that could rest on either a valid or invalid legal theory if the court can conclude 'beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *Id.* (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)); *accord Hedgpeth*, 555 U.S. at 61.

5

Moreover, when a defendant forfeits a challenge to a theory of liability by not objecting to it in the trial court, as here, the standard of review is stricter still. In those circumstances, under the plain-error standard, a defendant "must show not only that he *could* have been convicted under the erroneous [theory], but also that he *was not* convicted under the properly-instructed" theory. *United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010). More generally, when a defendant invokes error in the jury instructions on collateral review, a defendant faces a higher burden to obtaining relief. *See, e.g.*, *United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013).

*Jefferson* is consistent with how other circuits have grappled with the problem of indeterminate predicate offenses. For example, the Third Circuit analyzed a case where the district court "instructed the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime." *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020). Although no special verdict form was used, the "jury convicted both defendants on both bank-robbery counts. So [the Third Circuit could] tell from the verdict form, as well as from the evidence presented at trial, that there [was] no 'reasonable probability' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts. Thus, even if the instruction was erroneous,

6

any error was harmless." *Id.* *Wilson* correctly recognizes that a defendant's challenge to the validity of one of two predicate offenses for a § 924(c) conviction represents a claimed instructional error that is properly reviewed for prejudice under the doctrines of plain or harmless error, as applicable.

Other opinions likewise confirm the applicability of the prejudice inquiry to alternative-theory errors. *See, e.g.*, *United States v. Christensen*, 828 F.3d 763, 788 (9th Cir. 2015) (alternative-theory error in conviction for aggravated identity theft based on two predicate offenses was harmless in light of overwhelming evidence as to the still-valid predicate); *United States v. John-Baptiste*, 747 F.3d 186, 207–08 (3d Cir. 2014) (affirming denial of motion for a new trial in a RICO conspiracy case where there were several predicate offenses, four of which were invalidated in post-trial proceedings, in light of strength of the evidence as to the other predicates).

On collateral review, as in this case, the examination of whether a *Yates* alternative-theory error is sufficiently prejudicial to warrant relief is further governed by *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Under *Brecht*, a defendant collaterally attacking his conviction must show that a purported error resulted in "actual prejudice," *id.* at 637, such that an error is harmless unless the prisoner proves that the error had a "substantial and injurious effect" on his conviction. *Smith*, 723 F.3d at 517; *accord Barnes v. Thomas*, 938 F.3d 526, 533

7

n.3 (4th Cir. 2019) (explaining that, for the government, the *Brecht* standard is a "'less onerous harmless-error standard' than the requirement on direct appeal that an error be proven 'harmless beyond a reasonable doubt'" (quoting *Brecht*, 507 U.S. at 623)).  Thus, a defendant such as Runyon raising an unpreserved claim in a collateral attack faces an even stricter prejudice standard than on direct review.

Of course, a multi-predicate § 924 conviction will not always survive scrutiny on collateral review.  The outcome will always depend on the particular facts of a case and whether the defendant has met his burden of demonstrating that the error is prejudicial.  In instances where the evidence was overwhelming as to *all* of a defendant's predicate offenses, any *Yates* alternative-theory error will be harmless.  Conversely, in cases where the evidence was strong only as to the invalid theory and weak as to the valid one, a defendant may be able to clear the prejudice hurdle and overcome any procedural default.

The key point is that—contrary to the problematic language in the panel opinion—*vacatur* is not automatic in such scenarios.  And indeed, the Court has ruled in keeping with that principle post-*Davis*.

In *United States v. Steward*, 793 F. App'x 188 (4th Cir. 2019) (per curiam), for example, the Court considered a direct appeal where the jury was instructed that the defendant's § 924(c) conviction could rest on either substantive Hobbs Act robbery (a valid predicate under *United States v. Mathis*, 932 F.3d 242, 265–66

(4th Cir. 2019)) or conspiracy to commit Hobbs Act robbery (an invalid predicate under *United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (en banc)). As here, the jury verdict did not specify the predicate crimes of violence undergirding the jury's guilty verdict on the § 924(c) charge. *See* Jury Verdict, *United States v. Steward*, No. 4:14-cr-75 (AWA) (E.D. Va. Apr. 1, 2015), ECF No. 39. Yet the Court did not simply vacate the conviction. Instead, it applied normal principles of plain-error review and concluded that the defendant failed to establish that the instructional error revealed by *Simms* and *Davis* affected his substantial rights. As *Steward* reasoned, "[b]ecause there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction." *Steward*, 793 F. App'x at 190. The Supreme Court later denied certiorari after the government outlined why the categorical approach does not apply to questions of plain-error or harmless-error review of indeterminate jury verdicts. *See* Gov't Opp. to Cert. 14–19, *Steward v. United States*, 141 S. Ct. 167 (2020) (No. 19-8043).[2]

---

[2] The government's opposition to certiorari is available at https://www.supremecourt.gov/DocketPDF/19/19-8043/144035/20200521183407414_Steward%20opp%2019-8043%20-%20FINAL.pdf.

This Court again correctly applied these principles in another appeal where a defendant's § 924(c) conviction included an invalid conspiracy predicate and another valid predicate. *See United States v. Johnson*, 827 F. App'x 283, 285–86 (4th Cir. 2020) (per curiam). The reasoning of *Steward* and *Johnson* governs here as well.

**B.      Circuit precedent applying the categorical approach does not govern the validity of multi-predicate § 924 counts.**

In his reply brief, the defendant disputes that *Yates* alternative-theory analysis applies to multi-predicate § 924 convictions where one predicate is invalid. Instead, he asserts that this Court's decisions that analyzed guilty pleas in *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (en banc) (per curiam), and *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012), compel the conclusion that a single invalid predicate dooms an entire § 924 count. Def. Reply Br. 9–14. For several reasons, that is not so.

First, *Vann* and *Chapman* are inapposite. *Vann* evaluated a defendant's guilty pleas to a North Carolina indecent-liberties statute in order to determine whether he had three prior convictions for violent felonies under the Armed Career Criminal Act. 660 F.3d at 772. The North Carolina statute had two prongs, only one of which qualified as a violent felony, and the charging instruments did not specify which prong the defendant allegedly violated. Nor did the factual basis for the plea dictate which prong the defendant admitted. *Vann* concluded that an

enhancement was improper because the government could not show that the defendant had pleaded guilty to violating the prong of the statute constituting a violent felony. It reasoned that, even though the relevant charging instruments listed both prongs conjunctively, "a guilty plea admits all the elements of a formal criminal charge," and "[t]he formal criminal charge … is nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive." *Id.* at 775 (internal quotation marks omitted).

Then, in *Chapman*, the Court applied *Vann* in a different context. *Chapman* involved a Second Amendment challenge to a conviction under 18 U.S.C. § 922(g)(8). In evaluating that claim, the Court confronted the fact that § 922(g)(8) has two sub-sections, and it was not clear from the defendant's guilty plea which he had violated. *Chapman* resolved the issue by looking to *Vann*. It stated that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." 666 F.3d at 228. The Court then decided which of § 922(g)(8)'s prongs was "less serious" and evaluated the defendant's constitutional claim accordingly.

The approach this Court took in analyzing guilty pleas does not override precedent governing the prejudice inquiry for alternative theories of liability underlying a jury verdict. The latter inquiry is clearly governed by the principles

11

of *Yates* and *Hedgpeth*. *Vann* and *Chapman* had nothing to say about application of the doctrines of plain- or harmless-error, which is the primary issue here.

Moreover, unlike in *Vann* and *Chapman*, there is no "least serious" offense contained in § 924(c). A defendant convicted of violating § 924(c) is guilty of the same offense, and subject to the same penalty, irrespective of the predicate supporting the conviction. This stands in stark contrast to *Vann*'s own logic. As *Vann* noted, "it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced—in the absence of a special verdict identifying the factual bases for conviction—to a term of imprisonment exceeding the statutory maximum for the 'least-punished' of the disjunctive statutory conduct." 660 F.3d at 774 (citation omitted). But here, the defendant would face the exact same statutory sentencing range irrespective of the predicates supporting his conviction under § 924. *Vann* and *Chapman* have nothing to say about such cases.

In addition, reliance on *Vann* and *Chapman* implies that a predicate that no longer qualifies as a crime of violence, such as conspiracy to commit Hobbs Act robbery, is somehow "less serious" than a valid one. But in many cases that approach will be wrong even on its own terms. Here, the defendant trained most of his fire on appeal on the validity of the conspiracy predicate rather than the carjacking predicate. Yet conspiracy to commit murder-for-hire resulting in death

12

carries a mandatory minimum sentence of life imprisonment, 18 U.S.C. § 1958(a), whereas carjacking resulting in death permits a sentence "for any number of years up to life," 18 U.S.C. § 2119(3).

In short, *Vann* and *Chapman* do not apply to the factual scenario facing courts addressing multi-predicate § 924(c) counts post-*Davis*. Instead, the validity of such convictions turns on normal principles of plain- and harmless-error review.

**II.    The panel should revise its opinion to remove language regarding the validity of multi-predicate § 924 convictions.**

This Court need not, in *Runyon*, adopt the government's position outlined above. Instead, the Court should simply remove language from its opinion suggesting that multi-predicate § 924(c) convictions are necessarily invalid whenever a single predicate is invalid (absent a special verdict form). The panel should leave the matter for adjudication in another case. There are at least four reasons why doing so is appropriate.

*First*, the panel's statement that "if one predicate offense does not qualify, we would be required to vacate the [defendant's § 924(j)] conviction," *Runyon*, 2020 WL 7635761, at *4, is clearly dicta. Because the panel concluded that *both* conspiracy to commit murder-for-hire resulting in death *and* carjacking are crimes of violence, the resolution of this case simply did not involve the validity of multi-predicate § 924 convictions arising from indeterminate jury verdicts where one predicate is no longer valid. As such, the panel's "additional observation was not

13

necessary to the Court's resolution of the factual issue that was the basis of its holding" and is therefore non-binding in future cases. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 373 (4th Cir. 2011).

*Second*, leaving this statement in the panel's published opinion will generate enormous debate and consume considerable resources. Defendants will rely on the statement to argue that it requires *vacatur* of all § 924 convictions with one or more invalid predicates. The government will assert argue that the statement is dicta and, in any event, non-binding under the prior-panel rule in light of cases like *Jefferson*. The result will be a fruitless meta-debate about an issue that ultimately had no bearing on the resolution of *this* case at all. *Compare United States v. Macleod*, 808 F.3d 972, 977–78 (4th Cir. 2015) (declining to follow language from a prior opinion as a "passing comment"), *with United States v. Beatty*, 702 F. App'x 148, 151 n.3 (4th Cir. 2017) (questioning whether that characterization was accurate and noting that, if not, the panel would be bound by the prior opinion). The inevitably of such confusion underscores the wisdom of "the ordinary rule that a court should decide only that which is necessary to settle the immediate dispute between the parties before it." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 476 (4th Cir. 2007) (Gregory, J., concurring).

*Third*, declining to amend the panel opinion could have wide-ranging consequences. After the Supreme Court decided *Samuel Johnson v. United States*,

14

135 S. Ct. 2551 (2015), it became clear that courts were eventually going to have to grapple with the constitutional validity of the residual clause in 18 U.S.C. § 924(c)(3)(B).  In determining how to properly charge cases involving various predicate offenses that might be vulnerable to attack based on an evolving legal landscape, prosecutors had two choices:  they could either charge the same violation of § 924(c) in multiple counts based on different predicates, thereby risking a later multiplicity finding, or they could charge a single instance of violating § 924(c) in one count with multiple predicate offenses.  In many cases, prosecutors—quite reasonably—chose the latter course.  Yet if the dicta in the panel's opinion remains, judgments arising from that very common scenario will be called into question, at least in the absence of a special verdict form.

*Fourth*, the Court has other vehicles available to address the proper framework for handling multi-predicate convictions under § 924 where one predicate is invalid.  The issue, for example, was one of the main challenges raised in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), which involved a § 924(c) conviction with two predicates—a Hobbs Act conspiracy and an attempted Hobbs Act robbery.  The Court's holding that attempted Hobbs Act robbery is not a crime of violence, *see id.* at 210, obviated the need to decide the question, and the Court

15

declined to reach it.[3]  But since *Taylor*, the issue has arisen in other cases,

including *United States v. Dickerson*, No. 20-6578, currently pending before this

Court, where the issue comprises the entirety of the defendant's substantive

argument on appeal from the denial of § 2255 relief.  *See* Def. Brief 14–35,

No. 20-6578 (4th Cir. filed Dec. 1, 2020), ECF No. 20.[4]  The Court has also held

several cases in abeyance pending *Dickerson*'s resolution.  *See, e.g.*, Order, *United*

*States v. Triggs*, No. 16-7774 (4th Cir. Nov. 13, 2020), ECF No. 32; Order, *United*

*States v. Wilson*, No. 16-4002 (4th Cir. Nov. 10, 2020), ECF No. 57.  The Court

has also tentatively calendared a case for oral argument in March 2021 presenting

the same multi-predicate issue in the context of a guilty plea.  *See United States v.*

*Crawley*, No. 19-7369, ECF No. 37.  Any of these cases, unlike this one,

necessarily turns on whether *Vann* and *Chapman* govern this scenario or whether,

alternatively, *Yates* and *Hedgpeth* establish the framework for evaluating multi-

---

[3] *Taylor*'s own facts—the victim there died from a fatal gunshot wound—further underscore that this issue implicates myriad cases, including ones involving extremely serious offenses such as murder.

[4] *Dickerson* arose from a guilty plea, but if the Court were to resolve *Dickerson* by concluding that harmless- and plain-error review governs the analysis rather than *Vann* and *Chapman*, that conclusion would apply to indeterminate jury verdicts as well.  *Cf. United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997) (holding that a guilty plea remained valid after *Bailey v. United States*, 516 U.S. 137 (1995), where the record established that the defendant both used and carried a firearm).

predicate § 924(c) counts where one predicate is invalid.  Any of these cases presents a more suitable vehicle for resolving that issue than this one.

## Conclusion

For the foregoing reasons, this Court should grant the government's motion for limited panel rehearing and clarify that it has reached no holding regarding how normal principles of plain- and harmless-error review apply to multi-predicate convictions under 18 U.S.C. § 924 in the absence of a special verdict form.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

/s/
Richard D. Cooke
Daniel T. Young
Lisa R. McKeel
Brian J. Samuels
Assistant United States Attorneys

**Certificate of Compliance**

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this response complies with type-volume limits because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 40(b)(1), it does not exceed 3,900 words (and is specifically 3,887 words) as counted by Microsoft Word.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

/s/
_____
Daniel T. Young
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
daniel.young@usdoj.gov
