No. 17-5

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

DAVID ANTHONY RUNYON,
Defendant - Appellant,

v.

UNITED STATES OF AMERICA,
Plaintiff - Appellee.

_____

MOTION TO RECALL THE MANDATE AND FOR LEAVE TO FILE
OUT-OF-TIME PETITION FOR PANEL REHEARING OR EN BANC
REHEARING IN LIGHT OF *TAYLOR V. UNITED STATES*

_____

Defendant-Appellant, David Runyon, respectfully requests the Panel recall its mandate and grant leave to file an out-of-time petition for panel rehearing or en banc rehearing, pursuant to Federal Rules of Appellate Procedure ("FRAP") Rules 35 and 40, to address the application of the intervening Supreme Court decision in *Taylor v. United States*¸ 142 S.Ct. 2015 (2022). *Taylor* explicitly rejects the rationale the Panel Majority relied upon to deny relief and overrules Fourth Circuit precedent regarding the manner in which certain 18 U.S.C. §924(c) claims must be evaluated. Application of the proper standard in Mr. Runyon's case would undeniably have altered the reasoning of the Panel Majority and resulted in a favorable ruling. After supplemental briefing and consideration of the *Taylor* decision, this Panel should vacate Mr. Runyon's §924(c) conviction and remand his claims to the district court for further proceedings. Runyon's case presently pends before the district court for an evidentiary hearing on his ineffective assistance of sentencing counsel claim. Proper resolution of the *Taylor* issue will be relevant to the lower court's proceedings, particularly the prejudice analysis. The Court should recall the mandate, address the *Taylor* query, and then remand to the lower court for resolution of Runyon's sentencing claims consistent with this Court's rulings.

## PROCEDURAL HISTORY

In his §2255 Motion, Mr. Runyon argued that his conviction on Count V, which charged murder with a firearm in relation to a crime of violence under 18 U.S.C. §§924(c)(1), (j)(1), was invalid because the predicate crimes of conspiracy to commit murder for hire under §1958(a) and carjacking under §2119 did not qualify as "crime[s] of violence," as defined by §924(c)(3). The district court denied the claim. *Runyon v. United States*, 228 F.Supp.3d 569, 632 (E.D. Va. 2017). The Panel Majority affirmed, finding that both predicate crimes qualified as "crimes of violence" under the statutory definition. *United States v. Runyon*, 994 F.3d 192, 204 (2021). As to the conspiracy count, the Panel Majority found that while it was "theoretically possible" the §1958(a) conspiracy count did not categorically qualify as a crime of violence, Mr. Runyon's claim still failed because there was no "realistic probability" that the government would indict under those theoretical situations. *Id*. at 203.

While the panel denied relief on the challenge to Runyon's §924(c)(3) conviction, it remanded the case to the district court for an evidentiary hearing on the claim that trial counsel was ineffective at the sentencing phase. *Runyon,* 994 F.3d at 209. The parties are preparing for an evidentiary hearing. *See David Anthony*

*Runyon v. United States,* Docket No. 4:08-cr-00016-RBS-DEM-3, Docket Entry 685 Order (providing evidentiary hearing deadlines).

The Supreme Court's *Taylor* opinion calls into question the validity of Runyon's §924(c)(3) conviction. The Supreme Court recently unequivocally rejected application of the "realistic probability" analysis, which was dispositive to the panel's ruling. Because Mr. Runyon's case is ongoing, proper resolution of this matter is warranted. Mr. Runyon now files this motion requesting the Panel to recall the mandate and grant rehearing.

## STANDARD OF REVIEW

This Panel has the "inherent power to recall [its] mandate[]" to prevent injustice, *Calderon v. Thompson,* 523 U.S. 538, 549-50 (1998), and to consider or grant rehearing pursuant to FRAP Rule 40. *United States v. Lora*, 622 F. App'x 230 (4th Cir. 2015); *United States v. Hinds*, No. 99-4605, 2002 WL 32076932 (4th Cir. Oct. 17, 2002). Although this power is to be used sparingly, it should be exercised in extraordinary circumstances to "reserve against grave, unforeseen circumstances." *Id*. at 550. This determination must be made on a case-by-case basis to prevent injustice. *Am. Iron & Steel Inst. v. EPA,* 560 F.2d 589, 594-95 (3d Cir. 1977).

An intervening Supreme Court decision contravening the appellate court's opinion, as occurred here, is an extraordinary circumstance warranting recall of the mandate. *See McGeshick v. Choucair,* 72 F.3d 62, 63 (7th Cir. 1995), *cert. denied*, 517 U.S. 1212 (1996) ("A supervening change in governing law that calls into serious question the correctness of the court's judgment may justify recall of the mandate."); *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988) ("When a decision of the Supreme Court departs in some pivotal aspects from a decision of a federal appeals court, recall of a mandate may be warranted to the extent necessary to protect the integrity of the court of appeals' prior judgment. Modification of a prior judgment also promotes uniformity in judicial decisionmaking and in the treatment of litigants." (citations omitted) (internal quotations omitted)).

Indeed, at least one court has refused to consider a §2241 petition due to petitioner's failure to seek to recall the mandate under similar circumstances. *See Belton v. Sanders,* 2009 WL 1444521, at *6 (C.D. Cal. May 20, 2009) (rejecting §2241 petition because, in light of change in law, petitioner could have requested appellate rehearing in §2255 proceedings and "[f]urthermore even after the mandate issued, Petitioner could have filed a motion to recall the mandate.").

The fact that Mr. Runyon's case has been remanded to the district court creates no barrier to this Panel's ability to grant his motion because "a court of appeals

always has authority to restore appellate jurisdiction over a case that has been remanded to a district court." *United States v. Salameh*, 84 F.3d 47, 50 (2d Cir. 1996). As the Second Circuit noted, "[s]uch authority has regularly been exercised by this and other courts in granting a motion to recall a mandate in a case remanded to a district court." *Id.* (citing *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988); *Dunton v. County of Suffolk*, 748 F.2d 69, 69 (2d Cir. 1984); *Sargent v. Columbia Forest Prod., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996); *Sparks v. Duval Cty. Ranch Co.*, 604 F.2d 976, 979 (5th Cir.1979) (en banc), *aff'd on other grounds sub nom. Dennis v. Sparks*, 449 U.S. 24 (1980)).

## ARGUMENT

**I.    THIS PANEL SHOULD RECALL ITS MANDATE TO PREVENT INJUSTICE IN THIS CAPITAL CASE BECAUSE THE *TAYLOR* DECISION HAS RENDERED ITS PREVIOUS DECISION DEMONSTRABLY INCORRECT.**

**A.    In *Taylor v. United States*, 142 S.Ct. 2015 (2022), the Supreme Court explicitly rejected the reasoning underpinning the Panel Majority's denial of Mr. Runyon's claim.**

In *Taylor*, the Supreme Court was asked whether attempted Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. §924(c). In resolving that issue, the Court discussed the government's argument that, even if the prosecution's elements clause analysis fails, a court must also look at the kinds of cases that are actually prosecuted to determine whether there is a "realistic probability" that such

conduct would fall under the statute. *Taylor*, 142 S.Ct. at 2024. The Supreme Court described this theory as "[h]eaping alternative upon alternative" and decried it as an "atextual" "empirical study." *Id.* The Court noted multiple problems with the government's proposition, including "the oddity of placing a burden on the defendant to present empirical evidence about the government's own prosecutorial habits" and "the practical challenges such a burden would present" when most cases end in pleas and are not available on Westlaw or Lexis. *Id.*

But the most damning problem for the Court was that the realistic probability test contravenes the categorical approach, which looks at "whether the government must prove, as an *element* of its case, the use, attempted use, or threatened use of force." *Id*. As the Supreme Court held, §924(c) "asks only whether the elements of one federal law align with those prescribed in another." *Id*. It is error to look beyond the elements and "say[] that a defendant must present evidence about how his crime of conviction is normally committed or usually prosecuted." *Id.* The elements inquiry "in fact, [] precludes[] an inquiry into how any particular defendant may commit the crime. The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* at 2020.

**B.** **The *Taylor* decision demonstrates that the Panel Majority's reasoning was erroneous.**

As Mr. Runyon explains in detail in his petition for rehearing and rehearing en banc,[1] the Panel Majority's holding that conspiracy to commit murder for hire in violation of §1958(a) is a crime of violence cannot stand in light of the *Taylor* decision. The "realistic probability" analysis recently rejected by the Supreme Court was clearly the basis of the Panel Majority's ruling and is at play throughout the opinion.

In this case, the defense argued that the crime could be committed by accidental death, a scenario which would clearly exclude it as a crime of violence. In fact, the Panel Majority agreed. But for the "realistic probability" analysis, Panel Majority would not have found the alleged predicate a crime of violence. The Panel Majority, for example, held that "while the[] mens rea elements [of conspiracy] are not explicitly tied to the resulting-in-death element [of §1958(a)], in any realistic case, they must nonetheless carry forward to the resulting-in-death element." *Runyon*, 944 F.3d at 203. This is so, according to the opinion, because "[t]here is no 'realistic probability' of the government prosecuting a defendant for entering into a conspiracy with the specific intent that a murder be committed for hire and for a

---

[1] The proposed petition is attached as Appendix 1.

death resulting from that conspiracy while that death is somehow only accidentally or negligently caused." *Id.* (internal citation omitted). This reasoning is precisely what was rejected by the Supreme Court in *Taylor*.

The Panel Majority also dismissed Mr. Runyon's hypothetical, which supported his elements clause argument by applying the realistic probability test. In fact, the Panel Majority admitted that it was, based on the elements alone, a "theoretical possibility," but held that "there is no 'realistic probability' that the government would indict the conspirator for the death-results strain of conspiracy to commit murder for hire in such a situation." *Id*. Under *Taylor,* this is error.

This faulty analysis is inextricably intertwined with the Panel Majority's opinion in Mr. Runyon's case (as well as in the Circuit case law cited in that opinion). The erroneous legal analysis in the Panel Majority's opinion has been cited by other judges to advance similarly incorrect reasoning,[2] and the opinion should be corrected to dissuade proliferation of jurisprudence which contradicts Supreme Court law. Accordingly, this Panel Majority should recall the mandate in this case.

---

[2] *See*, *e.g.*, *United States v. Melaku*, No. 21-6122, 2022 WL 2912190, at *8 (4th Cir. July 27, 2022) (Diaz, J., dissenting); *United States v. Byrd*, Crim. No. ELH-11-657/ Civ. No. ELH-21-613, 2022 WL 1120064, at *20-30 (D. Md. Apr. 13, 2022). In contrast, the Court's opinion in *Runyon* has been distinguished by other panels. *See*, *e.g.*, *United States v. Simmons*, 11 F.4th 239, 260-61 (4th Cir. 2021); *United States v. Simmons*, 999 F.3d 199, 217 (4th Cir. 2021).

**II. THIS PANEL SHOULD GRANT MR. RUNYON LEAVE TO FILE AN OUT-OF-TIME PETITION FOR REHEARING AND REHEARING EN BANC.**

After recalling the mandate, this Panel should grant Mr. Runyon leave to file an out-of-time petition for rehearing and rehearing en banc. The reasons cited in support of Mr. Runyon's motion to recall the mandate also support his request for permission to file out of time. Granting permission to file an out-of-time petition in light of an intervening change in the law is consistent with the precedent of the Supreme Court and other courts of appeals. *See, e.g.*, *Huddleston v. Dwyer*, 322 U.S. 232, 237-38 (1944) (vacating decision denying a motion to file an out-of-time petition for rehearing in light of an intervening state court decision raising doubt as to the applicable state law); *United States v. Middlebrooks*, 624 F.2d 36, 37 (5th Cir. 1980) (rejecting reliance on time requirements to allow filing of second rehearing petition where an intervening Supreme Court decision changed the applicable law). Mr. Runyon respectfully requests this Panel grant his motion for leave to file his out-of-time petition for rehearing and rehearing en banc.

Respectfully Submitted,

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis (TN Bar No. 019898)
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Dana_Hansen@fd.org


/s/Susanne Bales
Susanne Bales (TN Bar No. 017868)
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Fax (865) 637-7999
Susanne_Bales@fd.org

Attorneys for Defendant-Appellant

## CERTIFICATION OF NOTIFICATION AND CONSENT

I hereby certify that on August 23, 2022, I emailed opposing counsel to notify them of the filing of this Motion. Opposing counsel responded on August 24, 2022, that they would not consent to the granting of this motion. They did not indicate whether they intend to file a response in opposition.

s/ Dana C. Hansen Chavis

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/Nancy Hernandez
 Nancy Hernandez
 Paralegal, Capital Habeas Unit
 nancy_hernandez@fd.org

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __17-5__      **Caption:** __Runyon v. United States of America__

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

- [✓] this brief or other document contains _____2291_____ [*state number of*] words

- [ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

- [✓] this brief or other document has been prepared in a proportionally spaced typeface using __WORD__ [*identify word processing program*] in __Times New Roman, Font Size 14__ [*identify font size and type style*]; **or**

- [ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) *Nancy Hernandez*

Party Name __Nancy Hernandez__

Dated: __08/24/2022__