IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-5 |
| | ) | |
| DAVID ANTHONY RUNYON, | ) | |
| | ) | |
| Defendant- Appellant. | ) | |

**United States' Response Opposing Motion to Recall the Mandate
And Leave to File Untimely Petition for Panel Rehearing
or Rehearing En Banc**

Defendant David Anthony Runyon shot and killed Cory Allen Voss in late April 2007 as part of a murder-for-hire conspiracy that he entered into with Voss's wife Catherina Voss and her paramour, Michael Draven. After a jury convicted Runyon of conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958(a); carjacking resulting in death, in violation of 18 U.S.C. § 2119; and murder through the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(j), the jury recommended that Runyon be sentenced to death, and the district court entered that judgment on December 4, 2009. Runyon's conviction and sentence were upheld on direct appeal. *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), *cert. denied*, 574 U.S. 813 (2014). On December 23, 2020, this Court decided Runyon's appeal of the denial of his motion under 28

U.S.C. § 2255 and amended the opinion on February 12, 2021. *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021). In that appeal, this Court affirmed in part, vacated in part, and remanded for further proceedings on an ineffective assistance of counsel claim that Runyon had raised challenging his death sentence. Proceedings are ongoing in the district court on that ineffectiveness claim. And the time for seeking rehearing or rehearing en banc challenging this Court's opinion has long ago expired, as has the time for seeking a petition for a writ of certiorari. Runyon now seeks to recall the mandate and receive leave to file an untimely petition for panel rehearing and rehearing en banc, raising an additional argument on behalf of the challenge to his § 924(j) conviction that this Court rejected.

In rejecting Runyon's challenge to his § 924(j) conviction, this Court explained that the § 924(j) conviction rested on two possible crimes of violence— (1) the conspiracy to commit murder for hire, and (2) the carjacking resulting in death. Although the jury found Runyon guilty of both of those offenses apart from the § 924(j) offense, the verdict form did not specify the predicate offenses that the jury relied on. Ultimately, this Court concluded that both offenses qualified as valid crimes of violence under § 924(c)(3)(A). First, this Court had already held that carjacking (even without a finding that the carjacking resulted in death), satisfies § 924(c)(3)(A). *See United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017). Second, this Court held that the second predicate crime of violence

was also valid. The second predicate required the jury to find that Runyon was "guilty of the offense of conspiracy to use facilities of commerce with the intent that a murder be committed for hire where death results, in violation of § 1958(a)." *Runyon*, 994 F.3d at 203. In his present motion to recall the mandate, Runyon contends that this Court erred in its ruling about the second predicate in light of the Supreme Court's recent opinion in *United States v. Taylor*, 142 S. Ct. 2015 (2022). More specifically, Runyon claims that *Taylor* abrogated this Court's discussion about "theoretical possibilities" of how a § 1958(a) offense like Runyon's could be committed.

But as an initial matter, Runyon does not challenge this Court's ruling that the carjacking predicate satisfies § 924(c)(3)(A), and that ruling itself demonstrates that Runyon's challenge to his § 924(j) conviction must fail.

After this Court decided Runyon's § 2255 appeal, this Court clarified the standards governing a challenge to a § 924(c) conviction on collateral review where one predicate crime of violence is valid and another is not. In such a scenario, a defendant must do more than show that it is impossible to tell whether the jury relied only on the invalid predicate to convict. Rather, "the defendant bears the burden of showing 'that the erroneous instruction resulted in his conviction, *not merely that it was impossible to tell under which prong the jury convicted.*'" *United States v. Said*, 26 F.4th 653, 661 (4th Cir. 2022) (quoting

3

*United States v. Ali*, 991 F.3d 561, 575 (4th Cir.), *cert. denied*, 142 S. Ct. 486 (2021)).  A defendant on collateral review carries the burden to "show 'more than a reasonable possibility' that the jury *only* found him guilty" of the § 924(j) count "because it improperly considered" the predicates now deemed invalid.  *Said*, 26 F.4th at 662.

As in *Said*, Runyon cannot begin to carry his burden.  Runyon murdered Voss during a carjacking that had been planned in advance as part of the conspiracy to commit murder for hire.  Not only did the jury convict him separately of both predicate offenses, but also it is impossible to understand how the firearm could have furthered one predicate without furthering the other.

Moreover, if Runyon's challenge is not viewed as a challenge to the jury instructions, then his claim unquestionably fails as a challenge to the sufficiency of the evidence, given that a single valid theory suffices to reject a sufficiency challenge.  *See, e.g., Griffin v. United States*, 502 U.S. 46 (1991).

Given the unchallenged carjacking predicate, and Runyon's lack of any valid argument to upset the authority from *Ali* and *Said*, any effort by Runyon to challenge his § 924(j) conviction must fail.

But even setting aside the carjacking predicate, Runyon's challenge to his § 924(j) conviction fails.  In *Taylor*, the Supreme Court rejected the government's argument that sought to rely on the principle in *Gonzales v. Duenas-Alvarez*, 549

U.S. 183, 193 (2007), that courts must ask whether there is a "realistic probability" that a state "would apply its statute to conduct that falls outside the federal generic definition." *Taylor* explained that the government's argument that relied on *Duenas-Alvarez* failed in two respects. First, *Duenas-Alvarez* "required a federal court to make a judgment about the meaning of a state statute," thereby raising federalism concerns. 142 S. Ct. at 2025. Those concerns of course are not present when a federal court interprets solely federal law. Second, "in *Duenas-Alvarez* the elements of the relevant state and federal offenses clearly overlapped and the only question the Court faced was whether state courts *also* 'appl[ied[ the statute in [a] special (nongeneric) manner.'" *Id.* (citation omitted).

In this case, this Court's discussion of Runyon's theoretical possibility of the reach of § 1958(a) is not undercut by *Taylor*. In finding that § 1958(a) is divisible and creates several distinct crimes, this Court explained that the "conspiracy here has two heightened mens rea elements: (1) the intent to join the conspiracy, and (2) the specific intent that a murder be committed for hire." *Runyon*, 994 F.3d at 203 (citations omitted). This Court continued, "While these mens rea elements are not explicitly tied to the resulting-in-death element, in any realistic case, they must nonetheless carry forward to the resulting-in-death element." *Id.*

Runyon argued that § 1958(a) theory used in his case would cover "a hypothetical where the target of a § 1958 murder-for-hire conspiracy died from an

accidental or negligent car crash while riding in a conspirator's car." 994 F.3d at 203. Runyon continued that such conduct would fall outside § 924(c)(3)(A). But this Court rejected Runyon's reading of the relevant provisions in § 1958(a). "Section 1958(a)'s mens rea elements cannot be limited to their individual clauses. If a defendant *willingly* agrees to enter into a conspiracy *with the specific intent* that a murder be committed for money and death results from that agreement, it follows that the defendant acted with *specific intent* to bring about the death of the conspiracy's victim. And this specific intent ensures that the victim's death was necessarily the result of a *use* of physical force and not merely from negligence or accident." *Runyon*, 994 F.3d at 204. In short, *Runyon* construed the breadth of the relevant part of § 1958(a) and concluded that it falls within § 924(c)(3)(A). *Taylor*'s discussion about realistic possibilities does not alter a court's determination that a federal statute's breadth categorically falls within § 924(c)(3)(A). In contrast, in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does cover conduct that falls outside § 924(c)(3)(A)—namely, an attempt to threaten someone. *See, e.g., Alvarado-Linares v. United States*, 44 4th—, 2022 WL 3367950, at *7 (11th Cir. Aug. 16, 2022). *Taylor* simply has no bearing on this Court's ruling upholding Runyon's § 924(j) conviction.

The above discussion of course directly addresses the merits of Runyon's arguments about *Taylor*. But Runyon is not launching an argument before this

Court issued a decision. Rather, Runyon is requesting the extraordinary relief that this Court recall the mandate and permit him to file an untimely rehearing petition. But a court's power to recall the mandate does not extend to a request to make such an untimely and tenuous an argument as Runyon presents here. *See, e.g., Calderon v. Thompson*, 523 U.S. 538 (1998). The power to recall the mandate is reserved for "extraordinary circumstances" and "is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Id*. 550. Runyon here does not invoke an unforeseen contingency. Rather, he seeks to continue arguing about a point that he made and was squarely rejected by this Court. Now he seeks to revive the argument through a new opinion that does not materially alter this Court's analysis. The power to recall the mandate is not reserved for such circumstances.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400

## Certificate of Compliance

I certify that this response does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27.

_____/s/_____

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471
richard.cooke@usdoj.gov