No. 17-5

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

DAVID RUNYON,
Appellant,

v.

UNITED STATES,
Appellee.

_____

PETITION FOR EN BANC REVIEW OF THE PANEL'S DENIAL OF MR.
RUNYON'S MOTION TO RECALL THE MANDATE

_____

Dana C. Hansen Chavis
Susanne Bales
Asst. Federal Defenders
Federal Defender Services of Eastern
Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone: (865) 637-7979

**Reasons for En Banc Review**

David Runyon respectfully requests that the en banc court review the Panel's denial of his motion to recall the mandate. Without en banc review, this Court will allow a published decision to stand which 1) wrongly decided Mr. Runyon's case, 2) explicitly contravenes intervening Supreme Court precedent, and 3) has been cited and relied upon by other panel decisions in this Circuit. Fed. R. App. 35(a)(1).

The Panel decision affirming the denial of Runyon's §2255 petition rested entirely upon an analytical tool that was subsequently abrogated by the Supreme Court in *United States v. Taylor*, 142 S. Ct. 2015 (2022). The Panel used the "realistic probability" test to hold that conspiracy to commit murder for hire in violation of 18 U.S.C §1958(a) resulting in death constituted a crime of violence and could therefore support a conviction under 18 U.S.C. §924(c). *Taylor* made clear, however, that use of this realistic probability test is no longer permissible with respect to federal offenses; the only way to analyze whether such offense is a §924(c) crime of violence is by applying the categorical approach, which only asks whether the elements of the predicate offense align with the federal crime of violence definition.

Following *Taylor*, Runyon moved to recall the mandate, asking this Court to follow the Supreme Court's ruling and reconsider its reliance on the now-repudiated realistic probability test. This would have been easily done, as the Panel had already

conducted the proper analysis, finding that under the categorical approach, the elements of conspiracy to commit murder for hire resulting in death did not align with the crime of violence definition. All that remained, therefore, was for the Panel to void the realistic probability test.

The Panel, however, in a 2-1 vote, denied David Runyon's motion, continuing to sanction the use of the realistic probability test in a published opinion despite *Taylor*. If en banc review is not granted, this Court's law will continue to be in direct conflict with current Supreme Court precedent.

Indeed, the Panel's refusal to recall its mandate in this case and acknowledge the invalidity of the realistic probability test has already had consequences beyond *Runyon*—it has injected confusion and inconsistency into the law of the Circuit. Even after *Taylor* (and after Runyon filed his motion highlighting the Supreme Court's rejection of realistic probability analysis), another panel of this Court approvingly cited the realistic probability test when explaining the legal standard for determining whether a federal offense is a crime of violence. *United States v. Davis*, 53 F.4th 168, 171 (4th Cir. 2022).

Moreover, Runyon's codefendant, Michael Draven, who also challenged his §924(c) conviction based on an underlying §1958(a) charge, was recently granted a

Certificate of Appealability (COA) on the very same issue of whether conspiracy to commit murder for hire qualifies as a crime of violence.[1]

Recall of the mandate is an appropriate remedy when recent intervening Supreme Court precedent changes the legal context of the Panel's decision, rendering it in conflict with the Supreme Court. *See*, *e.g.*, *McGeshick v. Choucair*, 72 F.3d 62, 63 (7th Cir. 1995), *cert. denied*, 517 U.S. 1212 (1996) ("A supervening change in governing law that calls into serious question the correctness of the court's judgment may justify recall of the mandate."). But when a Panel fails to recall its own mandate in such circumstances, it falls to the en banc court. *Songer v. Wainwright*, 756 F.2d 800 (11th Cir.), *on reh'g en banc*, 769 F.2d 1488 (11th Cir. 1985) (granting en banc rehearing after panel denied motion to recall mandate in capital case).

The Court should therefore order rehearing en banc and grant Runyon's motion to recall the mandate so that this Court's opinion complies with the Supreme Court's decision in *Taylor* and the uniformity of the Court's decisions is restored. Fed. R. App. 35(a)(1).

---

[1] Draven, unlike Runyon, has already had his initial §2255 petition denied; he was granted permission to file a successor and raised his *Davis* claim there. Runyon, meanwhile, continues to litigate portions of his initial §2255 on remand in the district court while his §924 claim remains in this Court. It would be odd, considering the barriers the AEDPA established to successive §2255 petitions, for Draven to benefit from his procedural posture.

**Procedural History**

Mr. Runyon is a federal death row inmate. He was convicted of conspiracy to commit murder for hire resulting in death, 18 U.S.C. §1958(a); carjacking resulting in death, 18 U.S.C. §2119; and murder with a firearm during the commission of a crime of violence. 18 U.S.C. §924(c)(1), (j). (J.A.Vol.4, J., ECF No. 28-4, at 1534). The jury imposed death for the conspiracy to commit murder conviction and the murder with a firearm during the commission of a crime of violence conviction. (J.A.Vol.4, J., ECF No. 28-4, at 1535). The Panel affirmed his convictions on direct appeal. *United States v. Runyon,* 707 F.3d 475 (4th Cir. 2013).

In his §2255 Motion, Mr. Runyon argued that his conviction on Count V, which charged murder with a firearm in relation to a crime of violence under 18 U.S.C. §§924(c)(1), (j)(1), was invalid because the predicate crimes of conspiracy to commit murder for hire resulting in death under §1958(a) and carjacking under §2119 did not qualify as "crime[s] of violence," as defined by §924(c)(3). The district court denied the claim. *Runyon v. United States*, 228 F.Supp.3d 569, 632 (E.D. Va. 2017). The Panel affirmed, finding that both predicate crimes qualified as "crimes of violence." *United States v. Runyon*, 994 F.3d 192, 204 (4th Cir. 2021). As to the conspiracy count, the Panel explicitly relied on the realistic probability test, finding that while it was "theoretically possible" the §1958(a) conspiracy count did not categorically qualify as a crime of violence, Mr. Runyon's claim still failed

because there was no "realistic probability" that the government would indict under those theoretical situations. *Id.* at 203.

While the Panel denied relief on the challenge to Runyon's §924(c)(3) conviction, it remanded the case to the district court for an evidentiary hearing on the claim that trial counsel was ineffective at the sentencing phase. *Runyon*, 994 F.3d at 209. The parties are currently preparing for an evidentiary hearing. *See David Anthony Runyon v. United States,* Docket No. 4:08-cr-00016-RBS-DEM-3, ECF No. 685, Order (providing evidentiary hearing deadlines).

After the Supreme Court's *Taylor* opinion abrogated the realistic probability test, calling into question the validity of Runyon's §924(c)(3) conviction, Mr. Runyon filed a motion to recall the mandate and for leave to file an out-of-time petition for panel rehearing or en banc rehearing. ECF No. 116-1. After the Government's response and Runyon's reply, the Panel, by a vote of 2-1, denied Runyon's motion without further analysis. ECF No. 123. This timely petition for rehearing en banc followed.

**Argument**

I.    **The Panel's Use of the Realistic Probability Test in A Published Opinion Directly Conflicts with Intervening Supreme Court Precedent in *Taylor*.**

This Court should grant en banc rehearing on Runyon's motion to recall the mandate in order to align its law with intervening Supreme Court precedent. *Taylor*'s

holding is clear: it explicitly rejects the analytical framework—namely, the realistic probability test—the Panel used to hold that conspiracy to commit murder for hire resulting in death does not qualify as a crime of violence. *Taylor,* 142 S.Ct. at 2024-2025. So long as the published opinion in *Runyon* stands uncorrected, this Court's law will directly conflict with Supreme Court precedent.

After *Taylor*, any challenge to a §924 charge must rise or fall on the elements-based categorical approach. The charged crime in this case, conspiracy to commit murder for hire resulting in death, can be committed by *accidentally* killing another, even if commission in that manner is only a "theoretical possibility." The elements-based approach "precludes[] an inquiry into how any particular defendant may commit the crime." *Id.* at 2020. Rather, "the only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt— as an element of its case—the [intentional] use, attempted use, or threatened use of force." *Id.* Since the elements of conspiracy to commit murder for hire resulting in death can be satisfied with an accidental death, the offense does not qualify as a crime of violence after the Supreme Court's decision in *Borden v. United States*, 141 S.Ct. 1817, 1822 (2021) (an offense fails to qualify as a "crime of violence" if it can be committed with the reckless use of force or less).

However, because the Panel used the realistic possibility test, its decision must be revisited. The Panel analyzed Runyon's claim in two steps. First, it applied the

7

categorical approach and acknowledged the predicate crime of conspiracy to commit murder resulting in death does not qualify as a crime of violence under §924(c), because there was a "theoretical possibility" that the crime could be committed without the use of intentional violent force. *Runyon,* 994 F.3d at 203. This analysis was—and remains—correct. However, the Panel took an unnecessary—and, as it turns out post-*Taylor*, incorrect—second step and held there was no "realistic probability" the government would indict a conspirator in such a situation and, therefore, the crime was a valid predicate. *Id*.

*Taylor* reveals the Panel's reliance on *United States v. Allred*, 942 F.3d 641 (4th Cir. 2019) and the realistic probability analysis was misplaced. The Panel's own analysis under the "categorical approach" demonstrates conspiracy to commit murder is not a crime of violence because the elements of the crime do not require the government to prove the intentional use of physical force. The Supreme Court's decision in *Taylor* confirms that the Panel's categorical approach analysis reached the correct conclusion and that it was error to also apply the realistic probability analysis. Currently, the published *Runyon* opinion holds otherwise—and directly contradicts Supreme Court precedent. Recalling the mandate would allow this Court to remedy that.

The implications of *Taylor* are clear—the realistic probability test has been nullified. As an illustration, in the Western District of Pennsylvania, the district court

overseeing Robert Bowers'[2] capital case held that, after *Taylor*, it could not rely on the realistic probability test and therefore dismissed some of the charged §924(c) counts. *United States v. Bowers*, No. 18-292-RJC, 2022 LEXIS 227981 (W.D. Pa. Dec. 15, 2022).

Bowers was charged with violating federal statutes prohibiting the obstruction of the free exercise of religion, 18 U.S.C. §247(a)(2), hate crimes, 18 U.S.C. §249(a)(1), and the use of a firearm during and in relation to a crime of violence, 18 U.S.C. §924(c), with the former two serving as predicates for the latter. Initially, Bowers moved to dismiss the §924 counts on the basis that neither §247(a)(2) nor §249(a)(1) is a crime of violence. *Id.* at 3. The district court, following Third Circuit precedent which called for application of the realistic probability test, denied the motion. Following the Supreme Court's decisions in *Borden* and *Taylor*, however, Bowers renewed his challenge, this time successfully. *Id.* Reconsideration, the court wrote, was proper because "*Taylor* changed the controlling law in ways material" to its prior opinion. *Id.* at 4-5. The key to that material change? *Taylor's* "rejection of the '[realistic] probability' test," which "reflects a change in the law that requires reconsideration." *Id.* at 9.

---

[2] Bowers is better known as the man accused of committing the shooting at the Pittsburgh Tree of Life Synagogue.

The *Bowers* court understood the impact of *Taylor*: "[D]efendants need not show a '[realistic] probability' that the statute will be applied in a particular manner. … *Taylor* commands that inquiry be set aside in favor of a focus solely on the elements of the offense." *Id* at 9-10. Importantly, the court recognized that *Taylor*'s holding was not narrowly limited to attempted Hobbs Act Robbery but had broader effects "respecting the categorical approach." *Id.* at 10. No longer able to rely on the realistic probability test, the *Bowers* court had no choice but to find that §249(a)(1) can be violated by omission and is therefore not a crime of violence. Accordingly, it vacated the §924(c) counts predicated on those charges.[3] *Id.* at 1-25.

*Taylor*'s abrogation of the realistic probability test is controlling and cannot be ignored. This Court, sitting en banc, should follow Supreme Court precedent by recalling the mandate and excising the extraneous second step of the Panel's analysis.

II.   **The Panel's Continued Reliance on the Realistic Probability Test Promotes Inconsistency and Confusion Within the Circuit.**

The Panel's decision directly conflicts with Supreme Court precedent and letting its flawed reasoning and result stand promotes inconsistency and confusion within the Circuit. Indeed, the consequences of not recalling Runyon's mandate and bringing the Panel's reasoning in line with *Taylor* are already becoming apparent.

---

[3] The court found that §247(a)(2), even without relying on the realistic probability test, still counts as a crime of violence.

In November 2022, another panel in this Circuit decided an appeal on the question of whether arson under 18 U.S.C §844(f) may support a §924(c) conviction. *United States v. Davis*, 53 F.4th 168 (2022). In discussing the proper analytic framework, that panel initially cited the correct approach: "We employ the categorical approach to determine whether an offense is a crime of violence under the force clause." *Id.* at 171. But after unpacking the categorical approach, confusion set in. The panel pivoted away from the categorical approach: "Still, 'there must be a realistic probability, not [just] a theoretical possibility, that the minimum conduct would actually be punished under the statute.'" *Id.* (quoting *Allred*, 942 F.3d at 648). As discussed above, *Taylor* abrogated the realistic probability test months prior to the *Davis* decision.

Ultimately in *Davis*, the court held that a "straightforward" application of the categorical approach "is enough to resolve the case," concluding that §844(f) does not categorically constitute a crime of violence. *Id.* at 171. It therefore did not resort to the realistic probability test. But what happens when there is a not-so-"straightforward" case in this Circuit? May a panel make use of the realistic probability test or not? This Court should grant rehearing en banc to end any such confusion and make clear that the categorical approach is the *only* applicable analytical tool.

Doing so would also cutoff a brewing potential for a grave injustice. Michael Draven was Runyon's codefendant and coconspirator; he, along with his lover, Cat Voss, hired Runyon to commit the murder of her husband, Cory Voss. Draven was ultimately convicted of conspiracy to commit murder for hire, 18 U.S.C. §1958(a), and aiding and abetting murder with a firearm in relation to a crime of violence in violation of 18 U.S.C §§924(j) and 2. Like Runyon, the jury returned a general verdict on the §924 count and did not specify the predicate.[4] Unlike Runyon, Draven was sentenced to life. *See United States v. Draven*, Docket No. 4:08-cr-00016-RBS-DEM-2 (E.D. Va. June 11, 2021), ECF No. 631.

Draven, after obtaining authorization from this Court, filed a successive §2255 petition based on *United States v. Davis*, 139 S.Ct. 2319 (2019). *Id.* He recognized that, as of his filing, the court in *Runyon*, 994 F.3d 192, had already held—using the realistic probability test—that conspiracy to commit murder for hire resulting in death was a crime of violence. Yet Draven still challenged his §924 conviction on the basis—as Runyon had done—that §1958(a) is not *categorically* a crime of violence. *Id.* at 4-5. The district court, relying on *Runyon*, denied the

---

[4] Given the specific facts in Runyon's case and the Government's heavy reliance on the conspiracy to commit murder for hire predicate to support the §924 count it is likely the jury relied on this invalid predicate. This fact-based determination would require further record development and is not currently before this Court.

petition and his request for a COA. *United States v. Draven*, ECF No. 4:08-cr-00016-RBS-DEM-2 (E.D. Va. July 23, 2021), Docket Entry 63.

Thereafter, Draven appealed. *United States v. Draven*, ECF No. 21-7171 (4th Cir. Sept. 7, 2022), Docket Entry 6. The *very same Panel as in Runyon*, despite having only *just* denied Runyon's own motion to recall his mandate based on *Taylor*, granted Draven a COA on the same issue— "whether [his] 18 U.S.C. §924(j) conviction remains valid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, 142 S. Ct. 2015 (2022)." *United States v. Draven*, ECF No. 21-7171 (4th Cir. Dec. 16, 2022), ECF No. 8. That question should be easily answered: As the *Runyon* Panel noted in the first step of its analysis, under the elements-based categorical approach, §1958(a) is not categorically a crime of violence and therefore cannot support a §924(c) conviction. It was only when the Panel moved away from this proper analysis by taking the additional step of applying the impermissible realistic probability test that it held otherwise. It would be the height of inconsistency for only one of the codefendants to have his conviction vacated for the same conduct.

That grant of a COA on the very question at issue here demonstrates the necessity of rehearing en banc.

## Conclusion

For the reasons described above, this Court should grant rehearing en banc and reconsider the Panel's denial of the motion to recall the mandate.

Respectfully Submitted,

/s/Dana C. Hansen Chavis
Dana C. Hansen Chavis (TN Bar No. 019898)
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Dana_Hansen@fd.org

/s/Susanne Bales
Susanne Bales (TN Bar No. 017868)
Asst. Federal Community Defender
Federal Defender Services of Eastern Tennessee
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone (865) 637-7979
Susanne_Bales@fd.org
Attorneys for Defendant-Appellant

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Brian J. Samuels
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4032
Fax (757) 591-0866
Brian.Samuels@usdoj.gov

Lisa R. McKeel
Asst. United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
Telephone (757) 591-4040
Fax (757) 591-0866
Lisa.McKeel@usdoj.gov

/s/Nancy Hernandez
Nancy Hernandez
Paralegal, Capital Habeas Unit
nancy_hernandez@fd.org

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __17-5__          **Caption:** __Runyon v. United States of America__

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

---

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

---

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

---

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

---

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains _____3115_____ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using
__WORD_____ [*identify word processing program*] in
__Times New Roman, Font Size 14__ [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) *Nancy Hernandez*_____

Party Name __Nancy Hernandez_____

Dated: __01/12/2023_____

04/12/2020  SCC